MORRIS BRUMEL, Plaintiff, *v.* HARTFORD FIRE INSURANCE COMPANY, Defendant.

City Court of New York, Special Term, New York County, January 16, 1936.

*Samuel M. Rivelson*, for the plaintiff.

*Avery, Taussig & Fisk*, for the defendant.

NOONAN, J. The complaint is attacked by motion on two grounds; one for insufficiency in law and the other for failure to commence the action within the contractual period of limitation.

The action is on an oral contract of fire insurance. The complaint alleges that the plaintiff resided and conducted a stationery store business in the premises 2212 Surf avenue, borough of Brooklyn, city of New York, and was desirous of procuring insurance against fire on his fixtures and stock of merchandise, consisting of candy, stationery and cigars, as well as on his household furniture. For that purpose he instructed his broker, Selig Rogoff, to obtain the insurance in the sum of $1,500. On or about July 12, 1932, Rogoff applied to the agents of the defendant Gaubert & Irwin, Inc., and Chester H. Corwin, trading as the Corwin Agency, for such insurance for the period of one year. The insurance was to be divided, $1,000 on the fixtures and merchandise, and $500 on the household furniture and personal effects, and the policy was to be in the standard form.

Paragraph sixth of the complaint alleges: " That the said agents of the defendant upon receiving said application did inform the plaintiff through his duly authorized representatives that the defendant did agree to insure the said property during the period of time aforementioned against loss or damage resulting from fire in the amounts above stated, and that by virtue of the foregoing the defendant, in consideration of the agreement of the plaintiff to pay the premium therefor, did then and there thereby agree to and with the plaintiff herein to insure and indemnify the plaintiff for a period of one year against loss or damage to his property hereinbefore mentioned and described, resulting from fire." It is then alleged that on or before July 12, 1932, a fire took place in the premises mentioned which destroyed property greater in value than the amount of the insurance. The complaint further alleges that the plaintiff has duly complied with all of the terms, conditions and stipulations of the contract of insurance upon his part to be performed and immediately notified the defendant in writing of the said loss and within sixty days after the occurrence of the loss submitted a verified proof of loss to the defendant.

There are two other paragraphs of the complaint which are important. One is the tenth, which states: " That an action to recover said loss was commenced within one year from the date of said loss, which said action was terminated other than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or by a final judgment upon the merits, and that the present action is commenced within one year after such termination." The other paragraph, the eleventh, alleges:

" That the defendant by renouncing and repudiating the contract of insurance waived compliance by the plaintiff with the conditions of the policy as to notice, proof of loss, commencement of an action before the expiration of sixty days from the receipt of proof of loss, and the limitations of the commencement of an action to one year after the date of said loss." Paragraph twelfth states that the plaintiff at all times was ready and willing and able to pay the premium for said insurance. The defendant refused to pay the alleged amount of insurance and the action is brought to recover the sum of $1,500.

As to the first ground of the motion, the question is whether the complaint sufficiently sets forth a valid oral contract of fire insurance *in præsenti*. It has been held that an oral contract of fire insurance is just as binding as a written one. (*Hicks* v. *British Am. Assur. Co.*, 162 N. Y. 284; *International Ferry Co.* v. *Am. Fidelity Co.*, 207 id. 350; *Cardinal* v. *Mercury Insurance Co.*, 242 App. Div. 98; revd. on other grounds, 266 N. Y. 448.)

Speaking of a present oral contract of fire insurance, the court said in *Hicks* v. *British Am. Assur. Co.* (*supra*, at p. 288): " This contract of insurance, although verbal, embraced within it the provisions of the standard policy of fire insurance, which the legislature in its wisdom formulated for the protection of both insured and insurer. It is usual for the company to issue a policy of insurance evidencing the contract between the parties; but the policy accomplishes nothing more than that, for when the contract is entered into between the agent and the owner, whether the binder be verbal or in writing, it includes within it the standard form of policy and the contract is a completed one."

I think it may be said that, in modern times, an oral contract of fire insurance is unusual. The practice is to issue a written binder, which effects a temporary insurance pending the investigation of the risk by the insurer. (*Ell Dee Clothing Co.* v. *Marsh*, 247 N. Y. 392, 396; *Sherri* v. *National Surety Co.*, 243 id. 266.) Indeed it has been said that if there was no binder, there was no insurance. (*Truglio* v. *Zurich General Acc. & L. Ins. Co.*, 247 N. Y. 423, 427.)

Accepting the belief that the plaintiff may be in the position of proving an oral contract of present insurance, I do not think he has stated all the elements of such contract in his complaint. The consideration for the making of a contract of insurance is a premium to be paid by the insured. There must be a promise to pay such premium or it must have been paid on the making of the contract. (3 Couch Cyclopedia of Insurance Law, §§ 580, 581.) What this premium may be, the plaintiff does not state.

If it was to be measured by some established rate, the complaint does not disclose. However, this is an amendable defect.

The second ground of the motion is the more serious one as it strikes at the roots of the cause of action. In an oral contract of fire insurance, the legislative provisions prescribed for a standard form of policy are to be implied. (*Hicks* v. *British Am. Assur. Co., supra.*) One of these is that no suit or action on the policy can be brought unless commenced within twelve months next after the fire. It is undisputed that the plaintiff brought such an action on September 30, 1932, which was less than a year after the date of the fire which is alleged to have occurred on July 13, 1932. In that action plaintiff joined as defendants his broker, Rogoff, as well as Gaubert & Irwin, Inc., and Chester H. Corwin, trading as Corwin Agency, who were alleged to be the duly authorized agents of the defendant with full power to make contracts of insurance on behalf of the defendant. This action so commenced by the plaintiff was discontinued on September 30, 1932, as to the defendant Gaubert & Irwin, Inc. On October 13, 1932, the defendant brought a motion to dismiss the complaint for insufficiency. This motion was heard on October 28, 1932, and was granted by default. On November 9, 1932, an order with notice of settlement was entered at the instance of the defendant, which dismissed the action, with costs. On March 14, 1935, the plaintiff moved to open his default and to set aside the order of dismissal. This motion was denied for the reason that it was not brought within the year subsequent to the entry of the order of dismissal. On this motion the plaintiff failed to present any extenuating circumstances which would avert the force of section 108 of the Civil Practice Act. The order on this motion was entered on March 29, 1935. On April 16, 1935, another order was entered on consent severing the action as to the defendant company so as to permit the plaintiff to proceed against the remaining defendants in the action. This order, besides severing the action, also provided that judgment might be entered dismissing the complaint as provided in the order of November 9, 1932. On April 22, 1935, the defendant insurance company entered a judgment dismissing the action, with costs in the sum of $14.85.

The present action now under attack was commenced July 1, 1935, which is within one year from the date of the entry of the judgment of dismissal but more than one year from the date of the entry of the order of dismissal.

Section 23 of the Civil Practice Act, as far as material, provides: " If an action is commenced within the time limited therefor, * * * the action is terminated in any other manner than by

a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, * * * may commence a new action for the same cause after the expiration of the time so limited and within one year after such * * * termination." The extension of time granted by section 23 applies to the contractual limitation prescribed for the commencement of an action on a fire insurance policy. (*Littrell* v. *Allemania Fire Insurance Co.*, 224 App. Div. 523; revd. on other grounds, 250 N. Y. 628; *O'Neil* v. *Franklin Fire Insurance Co.*, 159 App. Div. 313, 318; affd., 216 N. Y. 692; *Bellinger* v. *German Insurance Co.*, 51 Misc. 463; affd., 189 N. Y. 533.) The contractual provision that the action must be brought within one year after the fire is in reality one imposed by law since it is one of the provisions contained in the standard form of fire insurance. (Insurance Law, § 121; *Hamilton* v. *Royal Ins. Co.*, 156 N. Y. 327.) Therefore, the point made by the defendant company that the limitation contained in the contract does not come within the saving grace of section 23 of the Civil Practice Act must be disregarded.

The real question is whether the plaintiff's time to commence the second action is to be dated from November 9, 1932, or from April 22, 1935. Section 23 of the Civil Practice Act speaks of the termination of the action. Such termination should be considered as that point of time in the litigation when the plaintiff has exhausted his rights with respect thereto. (*People ex rel. Nolan* v. *Prendergast*, 88 Misc. 307; affd., 169 App. Div. 959; *Wooster* v. *Forty-second St., etc., R. R. Co.*, 71 N. Y. 471.)

In the present case the order of dismissal was entered on default. No appeal, of course, could be taken from such an order. Plaintiff's only move was to ask to have his default opened. This he did but it was too late. The order of dismissal in my judgment must be regarded as the termination of the action. Plaintiff so considered it, because he brought his motion to open his default based upon it. The subsequent judgment entered by the defendant was an optional procedure and was merely a *pro forma* step to obtain the costs on the dismissal. Such a judgment, in my opinion, added nothing to the decision of the court contained in the order of dismissal that the action was terminated and at an end. Suppose the action had been discontinued without prejudice to a new action instead of having been dismissed. An order of discontinuance, under such circumstances, would have indicated a termination of the action. (*Caruthers* v. *Bankers Trust Co.*, 242 N. Y. 554; *Gentilala* v. *Fay Taxicabs, Inc.*, 243 id. 397.) After the order of dismissal was entered and had the second action been commenced

within a year thereafter could the defendant plead in abatement that another action was pending? From whatever angle the situation is viewed, I think that the defendant had the right to regard the action as terminated when the order of dismissal was made. There is no force in the point that the defendant has waived the limitation by denying the existence of an oral contract of insurance.

It is claimed by the plaintiff that the defendant denied the alleged oral contract of insurance by writing a letter to that effect to the plaintiff within a day after the fire. This was long before the year after the fire, had come to an end. Plaintiff commenced his first action within that year. So the question is whether the denial of liability waived the compliance with section 23 of the Civil Practice Act in commencing a second action. Defendant could not know at the time it denied liability that this question would arise. Consequently there could not be any element of estoppel in the defendant's conduct which would preclude it from raising the defense that the statutory provisions of section 23 were not followed. (*Allen* v. *Dutchess County Mut. Ins. Co.*, 95 App. Div. 86.)

The motion is granted. Settle order on notice.