415 P.2d 907

**The STATE of Arizona, Appellee,**

**v.**

**Oliver Brindley OWEN, Appellant.\***

**No. 2 CA–CR 62.**

Court of Appeals of Arizona.
June 27, 1966.

Judgment reversed and case dismissed and bond exonerated.

---

\* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 1434. The matter was referred to this Court pursuant to A.R.S. Section 12–120.23.

**510**

Richard F. Harless, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., Norman E. Green, Pima County Atty., Carl Waag, Deputy County Atty., Pima County, Tucson, for appellee.

KRUCKER, Chief Judge.

An information was filed in the Superior Court of Pima County, Arizona, on May 17, 1963, charging the appellant, Oliver Brindley Owen, in three counts, arson, arson with intent to defraud insurer, and conspiracy. Trial was held and the jury returned verdicts of guilty on all three counts as charged. From these convictions the appellant appeals.

Appellant Owen, an Evangelical minister, was pastor of a small church in Tucson, which he also occupied as his home, and was contracting to purchase. On July 31, 1962, a fire occurred in the church area of this building and damage was estimated at $3,300.00. About eight months after the fire, criminal charges were filed, since the Tucson Fire Department investigators determined that the fire was incendiary in nature. The complaining witness, one Samuel F. Butler, testified that the appellant had employed him to burn the church; that he (Butler) did not start the fire but that he enlisted the assistance of one Jose Luis Castillo; that they went to the alley in the rear of the church and that Castillo went on the premises with a can of gasoline, returned, and that they then left the neighborhood. Butler did not see Castillo enter the church or start any fire. Castillo was not a witness at the trial.

Sometime after the trial, Butler signed an affidavit to the effect that he was not hired by the appellant to burn the church.

There were no eye witnesses to the burning of the church or testimony implicating or connecting the appellant Owen to the crime except the testimony of the witness Butler. A Mrs. Kengla testified that she saw two men enter the church by the front door prior to the fire. One of these men was identified as Butler.

The assignments of error deal with lack of instructions concerning corroboration of the testimony of an accomplice and with the admission of prejudicial testimony concerning prior fires.

From a complete examination of the record, we find no testimony implicating the defendant with the incendiary fire, except the testimony of the witness Butler. Nor can we find any testimony corroborative of Butler's testimony, except physical evidence clearly showing the fire to be of incendiary origin.

A.R.S. § 13–136 states:

"A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which, in itself and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

There is no question that Butler's testimony, if taken as true, clearly made

him an accomplice to any acts of the defendant alleged in the information. No instruction was requested or given to the jury pertaining to the law applicable to the testimony of an accomplice. Our Supreme Court has most recently, in State v. Howard, 97 Ariz. 339, 400 P.2d 332 (1965), stated that failure to instruct the jury on the applicable principles of law concerning the necessity for corroboration of the testimony of an accomplice, even though not requested, is reversible error. Also see State v. Betts, 71 Ariz. 362, 227 P.2d 749 (1951).

In the case before us, assuming that sufficient evidence was introduced to corroborate the witness Butler's testimony, we hold that it is still necessary to instruct the jury that the testimony of an accomplice must be corroborated in accordance with the provisions of A.R.S. § 13–136 and the pronouncement of our Supreme Court in State v. Howard, supra. Because of this failure to instruct the jury concerning corroboration of the testimony of an accomplice, the judgment must be reversed.

■ We believe that we should pass upon the appellant's additional assignment of error. It is contended that the trial court committed prejudicial error in allowing testimony concerning previous fires that the appellant might have had. The previous fires were remote in time, and there is no indication that the fires were, in any way, incendiary in character or in any way fraudulent. This testimony was allegedly elicited only for the purpose of showing that the appellant was familiar with the preparation of proof-of-loss insurance forms.

As noted in Udall, Arizona Law of Evidence § 115 (1960), in a criminal case the prosecution may not offer evidence of other unrelated criminal acts or misconduct of the accused where the evidence has only the limited probative value which arises from the fact that one who has once violated the law is more likely to do so again. Certain exceptions to the general rule are noted whereby such evidence is rendered admissible. These exceptions include impeachment of a party or a witness, completing the story of the crime, showing intent and the absence of mistake or accident, guilty knowledge, motive, malice, a continuing plan, scheme or conspiracy, the commission of a prior crime in a similar or unusual manner and to show the identity of the accused.

In the case before us the nearest prior fire was in 1951, over eleven years before the fire which is the subject of this appeal. There is no showing that the other fires were of a criminal nature or that any crime was committed. In fact, this testimony does not fall within any of the exceptions noted above. It is of a prejudicial nature, conducive to speculation of a propensity to arson. We hold that the admission of testimony concerning the prior fires, under the circumstances of the case before us, was prejudicial and inadmissible and that the trial court should have excluded it.

The State, in appellee's brief, agrees that State v. Howard, supra, is the law of Arizona and admits that a jury must be instructed on the necessity of corroboration of the testimony of an accomplice, whether or not the instruction was requested. No contention to the contrary is made and no citations are given in appellee's brief.

It is ordered that the judgment of the trial court is reversed and the case dismissed and the bond be exonerated.

HATHAWAY, J., and LEE GARRETT, Superior Court Judge, concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge LEE GARRETT was called to sit in his stead and participate in the determination of this decision.