537 P.2d 978

"Jerry" Oliver B. OWEN, Appellant,

v.

V. E. SHORES, J. R. Gressit, S. A. Weedle,
L. G. Gilmore, the Arizona District Coun-
cil of the Assemblies of God, General Ad-
justment Bureau, Inc., a New York Cor-
poration, Carlson Claims Service, an Ari-
zona Corporation, Carlson Claims, Inc.,
aka Carlson Claims Service, Joe Bush,
Thomas J. Wallace, Walter Conklin, R. J.
Thurmond, Bartlett Peterson, and William
O. Vickery, Appellees.

No. I CA–CIV 2459.

Court of Appeals of Arizona,
Division 1,
Department B.

July 17, 1975.

Rehearing Denied Aug. 26, 1975.

Review Denied Oct. 16, 1975.

Pain & Julian by Fred J. Pain, Jr., and
Peter A. Guerrero, Phoenix, for appellant.

Harold Riddel, Phoenix, for appellees Shores, Gressit, Gilmore and Ariz. Dist. Council of the Assemblies of God.

Snell & Wilmer by Lawrence C. Wright, Phoenix, for appellee General Adjustment Bureau, Inc.

Holesapple, Conner, Jones & Johnson by G. Marshall Jones, Tucson, for appellee Bush.

Stewart & McLean by William H. McLean, Phoenix, for appellee Wallace.

## OPINION

HAIRE, Chief Judge, Division 1.

The sole question presented on this appeal relates to when the appellant's alleged claim for malicious prosecution accrued. If it accrued upon the expiration of the time for the filing of a motion for rehearing relating to the Court of Appeals opinion reversing appellant's prior conviction, then appellant's malicious prosecution claim is admittedly barred by the one year statute of limitation provided by A.R.S. § 12–541(1). On the other hand, if it did not accrue until the subsequent issuance of the Court of Appeals mandate in that appeal, then appellant's complaint was timely filed and not subject to the limitations bar.

In the underlying criminal proceeding appellant was convicted in the trial court of the crimes of arson, arson with intent to defraud insurer, and conspiracy. He appealed and Division 2 of this Court reversed the convictions. *See* State v. Owen, 3 Ariz.App. 509, 415 P.2d 907 (1966). The Court of Appeals opinion was filed and mailed to the parties on June 27, 1966, and the time for the filing of a motion for rehearing by the state expired on July 12, 1966, without any rehearing motion being filed. Thereafter, on July 25, 1966, the Clerk issued the appellate court mandate to the trial court. The mandate stated:

"ORDERED that the judgment of the Superior Court of Pima County on ap-peal is reversed and the case is dismissed and the bond is exonerated." [1]

On July 19, 1967, which was less than one year after the issuance of the mandate, the appellant filed his complaint for malicious prosecution based upon the above-described criminal proceedings.

The plaintiff in a malicious prosecution action in order to state a valid cause of action must allege a prior prosecution against himself and that the proceedings have terminated in his favor. Overson v. Lynch, 83 Ariz. 158, 317 P.2d 948 (1957); Meadows v. Grant, 15 Ariz. App. 104, 486 P.2d 216 (1971). The plaintiff's claim accrues when the prior proceedings have terminated in his favor. Sullivan v. O'Brien, 85 S.W.2d 1106 (Tex. Civ.App.1935); Board of Education of Miami Trace Local School District v. Marting, 88 Ohio L. Abstract 475, 185 N.E.2d 597 (1962); Babb v. Superior Court of Sonoma County, 3 Cal.3d 841, 92 Cal.Rptr. 179, 479 P.2d 379 (1971). A malicious prosecution action filed prior to the favorable termination of the criminal proceeding is premature and subject to dismissal. Sullivan v. Choquette, 420 F.2d 679 (1st Cir. 1969); Gaito v. Strauss, 249 F.Supp. 923 (W.D.Pa.1966); Slaff v. Slaff, 151 F. Supp. 124 (S.D.N.Y.1957).

Thus the question in this case becomes, was the prior proceeding terminated in defendant's favor at the expiration of the time for the filing by the state of a motion for rehearing? The appellees urge in support of the trial court's judgment dismissing appellant's complaint that a criminal proceeding has terminated sufficiently to allow the filing of a malicious prosecution action when the prosecutor can proceed no further against the defendant in the same action. From this premise, the appellees conclude that upon the expiration of the time for the filing of the motion for rehearing, the state's right to further pros-

---

1. Almost identical language was contained in the final paragraph of the opinion, as follows:

"IT IS ORDERED that the judgment of the trial court is reversed and the case is dismissed and the bond be exonerated."

ecute appellant in the criminal proceeding terminated.

We agree that upon the expiration of the time for the filing of the motion for rehearing, the state's right to further prosecute appellant in that proceeding terminated. However, this does not necessarily mean that appellant's malicious prosecution claim accrued at that time. All of the authorities of which this Court is aware hold that the prior prosecution *proceeding* itself must have terminated, and do not allow the filing of a complaint at some point prior to the termination of the proceeding when the prosecutor could proceed no further against the defendant. It is true that in Jaffe v. Stone, 18 Cal.2d 146, 114 P.2d 335 (1941), a case heavily relied upon by appellees, the California Supreme Court stated, quoting from a prior California decision:

> "Consequently, the refusal of the grand jury to file an indictment, a nolle prosequi, or any proceeding by which the particular prosecution is disposed of in such a manner that it cannot be revived, *and that the prosecutor, if he intends to proceed further, must institute proceedings de novo, is a sufficient termination of the prosecution to enable the plaintiff to bring his action.*" (Emphasis added). 114 P.2d at 341.

However, when this statement is reviewed in the context of the facts in Jaffe, it is obvious that the California court did not intend the meaning urged by appellees. In Jaffe, there was no question but that the prior *proceedings* had been formally terminated by the granting of motions to dismiss by a magistrate on the grounds of insufficient evidence at the conclusion of a preliminary hearing. The real issue in Jaffe was whether the termination of the proceedings was a termination *favorable to the accused*, with the contention being that there could be no such *favorable* termination as long as the accused could again be charged and prosecuted for the same crime. In considering this issue, and after discussing some anomalous cases apparently contrary to the mainstream of the many California decisions in point, the Jaffe court stated:

> "The explanation for these holdings lies in a curious misconception of the notion of 'finality'. Mistaken emphasis is placed upon the idea of 'final' rather than 'favorable' termination; *and the offense is confused with the proceeding.*

> \*    \*    \*    \*    \*    \*

> "The correct rule is set forth in the Restatement of Torts, sec. 659, Comment a, as follows: 'In order that there may be a sufficient termination in favor of the accused it is not necessary that the proceedings should have gone so far as to preclude further prosecution on the ground of double jeopardy. Hence, although the quashing of an indictment does not preclude the initiation of new proceedings for the same offense or for other charges growing out of the same misconduct on the part of the accused, it constitutes a termination of the original proceedings in favor of the accused unless such new proceedings have been initiated before the trial of the civil action. \* \* \*' "

> "In the same section, Comment b, it is said: 'One against whom criminal proceedings have been instituted may be discharged by a magistrate at a preliminary hearing because the evidence produced against him is not such as to warrant his being held for further proceedings to determine his guilt or innocence. In such a case, the discharge is a final termination of the proceedings in favor of the accused, unless it appears that further proceedings growing out of the same misconduct on his part have been instituted.' In other words, whether the proceeding is dropped by the magistrate or in the superior court, *it is sufficient that the particular proceeding is terminated.* It is immaterial whether the termination is a bar to any further prosecution for the same offense, or whether the accused may be charged and tried anew." (Emphasis added). 114 P.2d at 340–341.

Applying the foregoing analysis to the appeal pending before this Court, it is appar-

ent that the prior criminal *proceeding* did not terminate at the expiration of the time fixed for the filing of the motion for rehearing, although after that date the prosecutor was barred from further prosecution in that proceeding. There was still the necessity for issuance of the Court's mandate, and for the trial court to take the necessary action to enforce the mandate pursuant to the provisions of A.R.S. § 13–1720.[2] If it is appellees' contention that the failure of the state to file a motion for rehearing constituted an informal abandonment of the prosecution, then such "informal" abandonment is not sufficient to be considered as a termination in favor of the accused. In this connection, the Restatement specifies only a "formal" abandonment as being sufficient.[3]

The only decision in point with the facts of this case which we have found is Spring & Stepp v. Besore, 12 B.Mon. 551 (Ky.Ct. App.1851). There the defendants in a malicious prosecution case contended that plaintiffs' cause of action had not accrued, that the complaint was premature and must be dismissed because it was filed prior to the issuance of the appellate court mandate. The court held:

> "There might be some plausibility in the argument, that in the case of a mere affirmance by this Court, the suit was determined before the mandate was entered in the Court below, because no change of judgment or decree would be produced, and also because, under the statute on the subject, no action of the Court below is necessary, except in some

specified cases. But in the case of a reversal, even where the Circuit Court is imperatively required, by the mandate of this Court, to dismiss the complainant's bill, the suit is still pending in that Court until the requisition is complied with, and can in no sense be said to be actually determined, although the mode of its determination may have been unalterably fixed by the decision and mandate of this Court." 12 B.Mon. at 554.

The same reasoning is equally applicable here, where because of the appellate court's decision, the trial court was required to reverse appellant's conviction. Appellees' contentions might have some logic where there has been no prior conviction of the accused, but in a case where there has been a conviction in the trial court, the fact that the state can prosecute no further in the same proceeding is immaterial to the malicious prosecution claim unless this inability to further prosecute is linked with a termination *favorable* to the accused. Inherent in a favorable termination in the context of the facts in this case, is the accomplishment of a reversal in the trial court of defendant's conviction, and under Arizona practice this is not accomplished prior to the issuance of the appellate court mandate.[4]

While not directly in point, and not dealing with malicious prosecution claims, in Levin v. Brooks, Fla.App., 159 So.2d 914 (1964), the court was considering an analogous question. There the applicable statute of limitation provided that the claim involved ". . . may be commenced

---

2. A.R.S. § 13–1720 provides in pertinent part:
   "All orders which may be necessary to carry the decision of the supreme court into effect shall be made by the court to which the copy of the minute entry and decision is remitted, except when a judgment or sentence of death has been affirmed on appeal after the time appointed for the execution of the sentence and the supreme court has fixed a new time for execution and issued a warrant to the superintendent of the state prison directing him to execute the sentence at the time designated in the warrant."

3. Restatement of Torts, § 659c reads as follows:
   § 659. MANNER OF TERMINATION.
   "Except as stated in §§ 660 and 661, criminal proceedings are terminated in favor of the accused by
   \* \* \* \* \*
   "(c) the *formal* abandonment of the proceedings by the public prosecutor, or
   . . . ." (Emphasis added).

4. We are not here dealing with a reversal coupled with a new trial requirement and this opinion does not consider the accrual ramifications inherent in that factual situation.

**254**

within one year after reversal of judgment. . . ." The court held that the statute of limitation period began to run from the date of issuance by the appellate court of its mandate, and not from the date of the appellate court's decision of reversal. To the same effect, *see* Erickson v. Insurance Company of North America, 66 Fla. 154, 63 So. 716 (1913); *cf.* Brumel v. Hartford Fire Insurance Co., 158 Misc. 311, 285 N.Y.S. 611 (1936).

In our opinion it cannot be said that there was a termination of the prior proceedings favorable to appellant prior to the issuance of the appellate court mandate in State v. Qwen, *supra.* Therefore appellant's malicious prosecution claim was timely filed, and the trial court's judgment dismissing that claim as barred by the limitation provisions of A.R.S. § 12–541(1) must be reversed.

JACOBSON, P. J., and EUBANK, J., concur.