557 P.2d 1055

Frank NATAROS and Anna Nataros,
Petitioners,

v.

The SUPERIOR COURT ·OF MARICOPA
COUNTY, the Honorable Kenneth C. Chat-
win, Judge of the Superior Court of Mari-
copa County, Fine Arts Gallery of Scotts-
dale, Inc., an Arizona Corporation, Allen
Goald and Sarah Goald, Stanton M. Bier
and Rosalie Bier, Respondents.

No. 12837.

Supreme Court of Arizona,
In Banc.

Nov. 22, 1976.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Donald E. Dyekman, Phoenix, for petitioners.

Donald Maxwell, H. Whitfield Crail, Jr., Scottsdale, for respondents.

GORDON, Justice.

Petitioners, Frank Nataros and Anna Nataros, brought this special action requesting that this Court order respondent The Honorable Kenneth C. Chatwin to vacate his order denying petitioners' motion to dismiss the counterclaim and to grant the motion with respect to count two of the counterclaim.

Petitioners filed suit against respondents-real parties in interest, Fine Arts Gallery of Scottsdale, Inc. et al. in January, 1976 stating three counts in their first amended complaint. Count one sought damages for alleged fraudulent misrepresentations. Count two requested rescission of art purchases allegedly fraudulently induced by misrepresentation. Count three sought damages for alleged defamatory statements made by respondent Allen Goald to the Scottsdale police in April, 1975.

Respondents filed an answer and a counterclaim containing two counts. Count one sought damages for alleged defamatory statements made by petitioners to the Scottsdale police in April, 1975. Count two sought damages for malicious prosecution based on filing the original lawsuit.

On July 23, 1976 petitioners filed a motion to dismiss the counterclaim urging that the defamation count was barred by the statute of limitations and that the malicious prosecution count failed to state a claim upon which relief could be granted. The trial court, after hearing oral argument, denied the motion as to both claims. Petitioners brought this special action to challenge the denial of the motion to dismiss the second count—malicious prosecution.

The issues raised by this petition are: (1) whether this petition presents a proper situation for extraordinary relief; (2) whether the trial court's denial of count two of the motion to dismiss was error; and (3) if so, whether this error is an abuse of discretion sufficient to warrant the relief requested.

■ Since the trial court's denial of petitioners' motion to dismiss was an interlocutory, non-appealable order, see A.R.S. § 12–2101, a special action is an appropriate vehicle for review of the lower court decision. *Dean v. Superior Court,* 84 Ariz. 104, 324 P.2d 764 (1958). The unlikely possibility that the denial of the motion might be found to be reversible error on appeal is not sufficient to provide the "equally plain, speedy, and adequate remedy" required in Rule 1, Rules of Procedure for Special Actions, 17A A.R.S. A special action requests extraordinary relief which is usually granted only where justice cannot be satisfactorily obtained by other means. It is within the sound discretion of this court to accept jurisdiction. Cf. *Caruso v. Superior Court,* 100 Ariz. 167, 412 P.2d 463 (1966); *Jolly v. Superior Court,* 112 Ariz. 186, 540 P.2d 658 (1975). See also, State Bar Committee Note, Rule 3, Rules of Procedure for Special Actions, 17A A.R.S. We accept jurisdiction in this case because under no rule of law can the trial court's denial of the motion to dismiss be justified and because there are sound practical and procedural reasons for keeping malicious prosecution counterclaims from muddying the waters in the original suit.

■ Petitioners argue that the trial court erred in denying their motion to dismiss the malicious prosecution counterclaim for failure to state a claim upon which relief can be granted. We agree.

It is universally held that an essential element of a malicious prosecution claim [1] is that the proceedings must have terminated in favor of the person against whom they were brought. *Overson v. Lynch*, 83 Ariz. 158, 317 P.2d 948 (1957); *Babb v. Superior Court of Sonoma County*, 3 Cal.3d 841, 92 Cal.Rptr. 179, 479 P.2d 379 (1971); *Board of Education v. Marting*, 185 N.E.2d 597 (Ohio 1962). A malicious prosecution claim accrues when the prior proceedings have terminated in the defendant's favor. *Owen v. Shores*, 24 Ariz.App. 250, 537 P. 2d 978 (1975); *Babb v. Superior Court*, supra. If such an action is filed prior to favorable termination of the proceedings, the action is premature and subject to dismissal. *Owen v. Shores*, supra; *Sullivan v. Choquette*, 420 F.2d 674 (1st Cir. 1969). Respondents' malicious prosecution counterclaim failed to state a claim upon which relief can be granted; there was no cause of action. We hold the trial court erred in its denial of the motion to dismiss the counterclaim.

▇ Petitioners argue that this error constitutes an abuse of discretion which warrants the requested relief. We agree. Respondents are correct in arguing that an error as to a matter of law is not automatically an abuse of discretion. Where, however, there is absolutely no cause of action and can be none until the proceedings are terminated, it is an abuse of discretion to deny a motion to dismiss a counterclaim for failure to state a claim upon which relief can be granted. *Industrial Commission v. Superior Court*, 5 Ariz.App. 100, 423 P.2d 375 (1967). In the circumstances of this litigation, a malicious prosecution claim can accrue, if at all, only upon termination of the litigation. We hold, therefore, that the trial court abused its discretion when it denied petitioners' motion to dismiss count two of the counterclaim.

As stated above, we accepted jurisdiction of this petition for extraordinary relief not only because the trial court's ruling was incorrect as a matter of law, but because strong policy reasons dictate that such counterclaims be disallowed. We agree with the Supreme Court of California that "[t]he requirement of a favorable termination of the principal litigation before institution of a malicious prosecution action is supported by conceptual, practical and policy reasons." *Babb v. Superior Court*, supra, 92 Cal.Rptr. at 181, 479 P.2d at 381. First, there are conceptual difficulties in allowing a malicious prosecution counterclaim. For example, it could be argued that to do so would create the incongruity of an action filed before the statute of limitations has even begun to run. Second, the pragmatic requisites of judicial administration dictate the retention of the "favorable termination" rule. For example, the rule may preclude the possibility of inconsistent judgments. It also tends to eliminate unnecessary litigation. And, more speedy and orderly trials result when some of the elements of the cause of action are based on the previous record. Third, malicious prosecution is a cause of action not favored by the law. Allowing it as a counterclaim would be anomalous and would surely increase such claims. In addition, the evidence as to malice and probable cause may prejudice the trier of fact against plaintiff's original claim or may increase the chances of a compromise verdict. If the attorney is joined as a defendant, separate counsel may be necessary. These additional risks (plus possible money damages) may well deter impecunious plaintiffs from pursuing meritorious claims. Such policy arguments provide further reason to correct the error below by means of a special action.

1. The elements of malicious prosecution are: (1) litigation instituted by defendant, (2) termination of proceedings in favor of the plaintiff; (3) absence of probable cause; and (4) presence of malice, i. e., improper motive. *Ackerman v. Kaufman*, 41 Ariz. 110, 15 P.2d 966 (1932); *Visco v. First National Bank of Arizona*, 3 Ariz.App. 504, 415 P.2d 902 (1966).

For the foregoing reasons, the relief sought by petitioners is granted. Respondent The Honorable Kenneth C. Chatwin is directed to vacate his order of September 1, 1976 denying the motion to dismiss and to grant the motion with respect to count two of the counterclaim. This dismissal should be without prejudice.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concurring.