143 P.3d 1021

**Robert J. BOHART, Plaintiff/Appellant,**

**v.**

**Pamela HANNA, in her official capacity as Clerk of the City of Glendale, Arizona; Elaine Scruggs, Thomas Eggleston, Steve Frate, Manny Martinez, David Goulet, Joyce Clark and Phil Lieberman collectively in their official capacity as the Council of the City of Glendale, Arizona; and David M. Goulet, Real Party in Interest, Defendants/Appellees.**

**No. CV–06–0225–AP–EL.**

Supreme Court of Arizona.

July 26, 2006.

Robert J. Bohart, Glendale, In Propria Persona.

Craig D. Tindall, Glendale City Attorney by Craig D. Tindall, City Attorney, Glendale, Attorney for Pamela Hanna, Elaine Scruggs, Thomas Eggleston, Steve Frate, Manny Martinez, Joyce Clark, and Phil Lieberman.

Gammage & Burnham PLC by Lisa T. Hauser, Michella Abner, Phoenix, Attorneys for David M. Goulet.

## OPINION

BERCH, Vice Chief Justice.

¶ 1 This case concerns a challenge by Appellant Robert Bohart to the nomination petitions of David Goulet, a candidate for Glendale City Council. The trial court ruled that Goulet's petitions substantially complied with Arizona Revised Statutes ("A.R.S.") section 16–314 (Supp.2005), and that Goulet should therefore remain on the primary ballot. Appellee/Real Party in Interest Goulet has moved to dismiss the notice of appeal filed by Appellant Bohart, alleging that it was not timely filed. We have jurisdiction pursuant to A.R.S. § 16–351(A) (Supp.2005).

¶ 2 The deadline for filing an appeal of a ruling in a nomination petition challenge is set by statute at five days:

Any elector filing any court action challenging the nomination of a candidate as provided for in this chapter shall do so no later than 5:00 p.m. of the *tenth day, excluding Saturday, Sunday and other legal holidays,* after the last day for filing nomination papers and petitions.... Within ten days after the filing of the action, the superior court shall hear and render a decision on the matter. Such decision shall be appealable only to the supreme court, and *notice of appeal shall be filed within five days* after the decision of the superior court in the action. The supreme court shall hear and render a decision on the appeal promptly.

A.R.S. § 16–351(A) (emphasis added). The superior court rendered its decision in this case on June 30, 2006. The fifth calendar day by which the notice of appeal should have been filed was July 5. Petitioner filed his notice of appeal on July 6. Appellant asserts that the court should construe the five-day period for filing an appeal to this court as excluding weekends and holidays.

¶ 3 The legislature added § 16–351 in 1979 in a general reorganization of election statutes. The former version, then numbered as § 16–306, provided that an elector had "five days after the last day for filing nomination papers" to challenge a nomination. In *Bedard v. Gonzales,* this court had held that Arizona Rule of Civil Procedure 6(a)[1] does not apply to § 16–306, and thus the five days to challenge nomination petitions means five calendar days. 120 Ariz. 19, 20, 583 P.2d 906, 907 (1978).

¶ 4 The following year, the legislature modified the election statutes, changing the language of the opening sentence of the new § 16–351(A) to allow "five days, excluding Saturday, Sunday and legal holidays" for filing papers in superior court to challenge a nomination, thus rejecting the holding in *Bedard.* It left unchanged, however, the remaining time periods in the statute, including the five days to appeal to this court.

¶ 5 The legislature again modified the statute in 1999, lengthening to ten days the time

---

1. Rule 6(a) of the Arizona Rules of Civil Procedure at the time provided that, "When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." It now applies to time periods less than eleven days.

**482**

to challenge a nomination, but again left the time to appeal unchanged. *See* 1999 Ariz. Sess. Laws ch. 166, § 1. The legislature has thus twice amended the time periods in section 16–351(A), and each time left intact the very short period for appealing a decision to this court.

¶ 6 We assume that when this court has interpreted a statute and the legislature re-enacts the same or substantially similar language, the legislature approves of the judicial construction of the statutory language. *Scheehle v. Justices of the Supreme Court,* 211 Ariz. 282, 288, ¶ 19, 120 P.3d 1092, 1098 (2005). In this case, not only did the legislature leave the time to appeal intact while changing the time in which to challenge a nomination petition in response to *Bedard,* but it has also since revisited the statutory language without changing the time to appeal. We therefore continue to interpret literally the statutory language allowing "five days" to appeal a superior court judgment to this court as meaning five calendar days. *Cf. Bedard,* 120 Ariz. at 20, 583 P.2d at 907 (interpreting period for challenging petitions in superior court). Such a reading not only comports with legislative intent, but also with the requirement that time elements in election statutes be strictly construed. *Id.* It also serves the goal of expeditious resolution of nomination challenges.

¶ 7 We hold that the five days allowed to appeal a decision in a challenge to the nomination of a candidate includes weekends and holidays. Because the appeal in this case was not filed until six days after the superior court decision, it was untimely.[2] The motion to dismiss is granted.

CONCURRING: * RUTH V. McGREGOR, Chief Justice, ANDREW D. HURWITZ and W. SCOTT BALES, Justices.

---

2. The court will continue to adhere to the rule that if the fifth day for filing an election appeal falls on a Saturday, Sunday, or state holiday, a notice of appeal will be deemed timely if filed on the next business day. *Cf.* Ariz. R. Civ. P. 6(a).