SUPREME COURT OF ARIZONA
In Division

| | |
|---|---|
| KAY KLEBBA, an individual and qualified elector, | ) Arizona Supreme Court<br>) No. CV-06-0239-AP/EL<br>) |
| Plaintiff/Appellant/<br>Cross-Appellee, | ) <br>) Maricopa County<br>) Superior Court |
| v. | ) No. CV2006-007339<br>) |
| TED CARPENTER, an individual, | ) <br>) **O P I N I O N** |
| Defendant/Appellee/<br>Cross-Appellant, | ) <br>) |
| THE HONORABLE R. FULTON BROCK, DON STAPLEY, ANDREW KUNASEK, MAX W. WILSON, MARY ROSE WILCOX, THE DULY ELECTED OR APPOINTED MEMBERS OF THE MARICOPA COUNTY BOARD OF SUPERVISORS, WHO ARE NAMED SOLELY IN THEIR OFFICIAL CAPACITY; THE MARICOPA COUNTY BOARD OF SUPERVISORS; THE HONORABLE HELEN PURCELL, THE DULY ELECTED MARICOPA COUNTY RECORDER, WHO IS NAMED SOLELY IN HER OFFICIAL CAPACITY, AND THE HONORABLE KAREN OSBORNE, THE DULY APPOINTED MARICOPA COUNTY DIRECTOR OF ELECTIONS, WHO IS SOLELY NAMED IN HER OFFICIAL CAPACITY; THE HONORABLE JANICE K. BREWER, THE DULY ELECTED ARIZONA SECRETARY OF STATE, WHO IS NAMED SOLELY IN HER OFFICIAL CAPACITY, | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |
| Defendants. | ) <br>) |

Appeal from the Superior Court in Maricopa County
The Honorable Douglas L. Rayes, Judge

**APPEAL DISMISSED**

BOATES & CRUMP PLLC                                          Anthem
     By   Craighton T. Boates
Attorneys for Kay Klebba

CANTELME & BROWN PLC                                        Phoenix
     By   David J. Cantelme
          D. Aaron Brown
Attorneys for Ted Carpenter

ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY          Phoenix
     By   Bruce P. White, Deputy County Attorney
Attorneys for R. Fulton Brock, Don Stapley, Andrew Kunasek,
Max Wilson, Mary Rose Wilcox, Helen Purcell, and Karen Osborne

TERRI SKLADANY, ACTING ARIZONA ATTORNEY GENERAL      Phoenix
     By   Diana L. Varela, Assistant Attorney General
Attorneys for Janice Brewer, Arizona Secretary of State

**H U R W I T Z**, Justice

¶1     This case arises out of a challenge to nomination petitions filed by Ted Carpenter, a Republican candidate for the State Senate in Legislative District 6. We previously ordered this appeal dismissed for lack of jurisdiction; this opinion explains our reasoning.

**I.**

¶2     After Carpenter submitted his nomination petitions, Kay Klebba, a registered voter in District 6, filed this action alleging that Carpenter had improperly verified a petition. After an evidentiary hearing, the superior court held that Carpenter was not the person before whom the signatures were written on the challenged petition and invalidated all

2

signatures on that petition.  *See* Ariz. Rev. Stat. ("A.R.S.") § 16-321(D) (Supp. 2005) (requiring "[t]he person before whom the signatures were written" to verify signatures); *Brousseau v. Fitzgerald*, 138 Ariz. 453, 456, 675 P.2d 713, 716 (1984) (holding that no signatures on "petitions containing false certifications" may be considered).  The court held, however, that Carpenter had not committed "petition forgery" under A.R.S. § 16-351(F) (Supp. 2005), and refused to disqualify all other petitions submitted by him on that ground.  Because Carpenter still had sufficient valid signatures to qualify for the ballot after the signatures on the challenged petition were stricken, the superior court found for Carpenter.

¶3      The trial judge announced his decision in open court on July 6, 2006.  An unsigned minute entry memorializing the decision was entered on July 10, 2006.  Klebba filed a notice of appeal on July 13, 2006.

## II.

¶4      Carpenter argues that the appeal is untimely under A.R.S. § 16-351(A).  Section 16-351(A), which governs challenges to nomination petitions, requires that a "notice of appeal shall be filed within five days after the decision of the superior court in the action."  Carpenter contends that the oral ruling in open court on July 6 was the "decision" of the superior

3

court, and that notice of appeal was therefore filed two days late.[1]

**¶5**      Klebba, in turn, argues that because Arizona Rule of Civil Procedure 58(a) requires that "all judgments shall be in writing and signed by a judge," the July 6 oral ruling did not trigger the five-day appeal period.  Recognizing that no signed order has been entered by the superior court, Klebba asks that we treat her notice of appeal as having been prematurely filed and entertain the appeal on the merits.

**III.**

**¶6**      Section 16-351(A) directs the superior court to "render a decision" on a challenge to nomination petitions "[w]ithin ten days after the filing of the action"[2] and requires a notice of appeal to be filed "within five days after the decision of the superior court."  The legislative choice of the word "decision" rather than "judgment," however, does not mean that Rule 58(a) is inapplicable.  Arizona Rule of Civil Procedure 54(a) defines the term "judgment" broadly, to include

---

[1]      "[T]he five days allowed to appeal a decision in a challenge to the nomination of a candidate includes weekends and holidays."  *Bohart v. Hanna*, __ Ariz. __, __ ¶ 7, __ P.3d __, __ (2006).

[2]      "[T]he ten day requirement for action by the superior court is directory and not mandatory," *Brousseau*, 138 Ariz. at 456, 675 P.2d at 716, but the five day appeal period is mandatory, *id.* (*citing Bedard v. Gonzales*, 120 Ariz. 19, 583 P.2d 906 (1978)).

4

*any* decree or order "from which an appeal lies." The requirement in Rule 58(a) that "all judgments shall be in writing and signed by a judge" therefore applies not only to final judgments disposing of all issues between the parties, but also to any other orders made appealable by statute.[3]

¶7        Section 16-351(A) expressly provides that the "decision" of the superior court in a case involving nomination petitions is "appealable" to this Court. Therefore, the "decision" in this case is also a "judgment" as defined in Rule 54(a).[4]   Rule 58(a) thus requires that the decision be in

---

[3]    The general appeals statute, A.R.S. § 12-2101 (2003), contains numerous provisions providing for appeals from interlocutory "orders." For example, A.R.S. § 12-2101(C) provides for appeal of "any special order made after final judgment"; § 12-2101(F)(2) permits appeal from an order granting or denying an injunction; § 12-2101(F)(3) permits appeal from an order that dissolves or refuses to dissolve an attachment or garnishment. Our cases have interpreted Rule 58(a) to require that such appealable "orders" be in writing and signed by a judge. *See, e.g.*, *Eaton Fruit Co. v. Cal. Spray-Chem. Corp.*, 102 Ariz. 129, 130, 426 P.2d 397, 398 (1967) (requiring signed writing for appeal of order denying motion for new trial); *State v. Birmingham*, 96 Ariz. 109, 112, 392 P.2d 775, 777 (1964) (requiring signed written order for appeal of permanent injunction).

[4]    Whether an order is also a "judgment" under Rule 54(a) therefore turns on whether the relevant statute provides for appeal from that order. *See Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981) ("[A]bsent a pertinent provision in the Arizona Constitution, the right of appeal exists only by statute."). Thus, in *Devenir Associates v. City of Phoenix*, interpreting a statute requiring the tax court to render a "decision in writing," but only allowing an appeal from a final "judgment," we held the decision was not itself an appealable judgment. 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991).

writing, signed by the court, and entered before an appeal can be taken.

¶8      We find no evidence that the legislature intended in § 16-351(A) to depart from the general requirements of Rules 54(a) and 58(a) with respect to the form of appealable orders. Although the election statutes mandate that challenges to nomination petitions be tried and appealed expeditiously, requiring that the appealable "decision" be in the form specified by Rule 58(a) need not impose any delay.[5]  Superior courts can and should enter such signed decisions within the ten-day limit imposed in § 16-351(A).  If the court does not immediately enter the written and signed decision on its own accord, any party can provide a written decision to the superior court for signing and entry within the ten-day period.  *See Howard P. Foley Co. v. Harris*, 4 Ariz. App. 294, 296, 419 P.2d 735, 737 (1967); 1 State Bar of Arizona, *Arizona Appellate Handbook* § 3.3.2.2 (4th ed. 2000).

_____

[5]      In *Bedard*, this Court declined to apply the time-exclusion provisions of Arizona Rule of Civil Procedure 6(a) to a predecessor statute of § 16-351, because "the time elements in the elections statutes [are] to be construed strictly."  120 Ariz. at 20, 583 P.2d at 907.  In contrast, application of Rule 58(a) will not affect the time elements in the elections statutes.  The ten-day statutory period for rendering a decision remains applicable; the decision simply must be in the form required by Rule 58(a).

6

**IV.**

¶9      We therefore agree with Klebba's argument that her notice of appeal was not late, but rather premature.  We disagree, however, with Klebba's suggestion that we should nonetheless exercise jurisdiction.  We have exercised appellate jurisdiction when a signed written order was entered *after* the notice of appeal was filed.  *See Barassi v. Matison*, 130 Ariz. 418, 420-21, 636 P.2d 1200, 1202-03 (1981).  But where no signed order has ever been entered, the notice of appeal is simply ineffective to confer jurisdiction on an appellate court.  *Eaton Fruit Co. v. Cal. Spray-Chem. Corp*., 102 Ariz. 129, 130, 426 P.2d 397, 398 (1967).

¶10     In the usual case, we would suspend the appeal in order to allow the entry of the requisite signed order in the superior court.  *Id*.  But such an approach here would be wholly inconsistent with the expedited timeframes of the elections statutes.  Section 16-351(A) directs that the decision be made by the superior court within ten days of the filing of the action and requires that an appeal be filed within five days thereafter.  The statute thus places the burden to act with celerity not only on the superior court, but also on the party challenging nomination petitions.  By failing to obtain a written and signed decision within the statutory period, Klebba has made it impossible for us to exercise appellate review in a

7

timely fashion.  We therefore decline to suspend the appeal and remand, and instead dismiss the appeal for lack of jurisdiction.

 

_____

Andrew D. Hurwitz, Justice

CONCURRING:


_____

Ruth V. McGregor, Chief Justice


_____

W. Scott Bales, Justice