IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

NOV 20 2012

COURT OF APPEALS
DIVISION TWO

In re the Marriage of:          )
                                )
SILVIA FLORES,                  )          2 CA-CV 2012-0073
                                )          DEPARTMENT B
          Petitioner/Appellant, )
                                )          O P I N I O N
          and                   )
                                )
GILBERTO MARTINEZ,              )
                                )
          Respondent/Appellee.  )
                                )

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. DO200500361

Honorable Peter J. Cahill, Judge

APPEAL DISMISSED

Underwood Law Office
  By Sonya E. Underwood                                        Phoenix
                                        Attorney for Petitioner/Appellant

Toledo Law Firm
  By Gustavo Toledo                                           Avondale
                                      Attorneys for Respondent/Appellee

V Á S Q U E Z, Presiding Judge.

¶1        In this post-dissolution, domestic relations case, Silvia Flores appeals from

the trial court's March 18, 2012 denial of appellee Gilberto Martinez's motion to amend a

post-decree modification order that reallocated certain property.  For the reasons stated

below, we dismiss for lack of jurisdiction.

**Factual and Procedural Background**

¶2        Flores and Martinez were divorced in 2008.  Under the terms of the

dissolution decree, the trial court awarded Martinez the family residence and restaurant,

which are located on a single parcel of real property in Apache Junction (the mixed-use

property).  The court awarded Flores $287,500 as her share of the mixed-use property and

$150,000 of the income from the restaurant business; it then reduced the total amount to

judgment.  The remaining marital assets and debts were divided equitably.  Neither party

filed a notice of appeal challenging the decree.

¶3        In May 2009, Flores filed a motion alleging that Martinez had fraudulently

avoided her attempts to collect the judgment by transferring the mixed-use property to

their daughter.  After several hearings on the motion, the trial court signed an order on

April 27, 2011, modifying the decree by awarding Flores the mixed-use property and

granting Martinez a $287,500 judgment representing his share of the mixed-use property.

¶4        On May 12, 2011, Martinez filed a motion to amend the April 27, 2011

order pursuant to Rule 84, Ariz. R. Fam. Law P.[1]  Less than an hour later, Flores filed a

---

[1]Although the motion cited "Rule 84 of the Arizona Rules of Civil Procedure,"
Martinez's counsel subsequently clarified that it was brought pursuant to the Rules of
Family Law Procedure.

notice of appeal from the same order. Although the trial court denied Martinez's motion to amend in an unsigned minute entry filed in July 2011, we nevertheless dismissed Flores's appeal for lack of jurisdiction because her notice of appeal had been filed while Martinez's motion to amend was pending in the trial court. *Flores v. Martinez*, No. 2 CA-CV 2011-0106 (memorandum decision filed Feb. 22, 2012).

**¶5**　　　　A few days after our memorandum decision was filed, Flores requested the trial court sign a fresh order denying Martinez's motion to amend. The court granted Flores's request by signing an identical order on March 18, 2012. Flores then filed this appeal on April 6, 2012. The mandate in the first appeal subsequently issued on July 31, 2012, directing the trial court "to conduct such proceedings as required to comply with the Memorandum Decision of this Court."

## Discussion

**¶6**　　　　Flores's April 6, 2012 notice of appeal states that she appeals from the trial court's "Order dated March 18, 2012."[2] Although she asserts that we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) and (A)(5), and Martinez does not dispute this

---

[2] Although Flores's notice of appeal states she is appealing from the "Order dated March 18, 2012," it can only be referring to the trial court's signed order denying Martinez's motion to amend because the record reflects it is the only order bearing that date. Additionally, Silvia's notice of appeal refers only to the March 18, 2012 order and not the April 27, 2011 order challenged in the prior appeal. *See* Ariz. R. Civ. App. P. 8(c) (notice shall designate the judgment appealed from); *see also Ruesga v. Kindred Nursing Ctrs. W., L.L.C.*, 215 Ariz. 589, ¶ 38, 161 P.3d 1253, 1263 (App. 2007) (appellate review limited to rulings specified in notice).

3

assertion,[3] "[t]his court has the duty to review its jurisdiction and, if jurisdiction is lacking, to dismiss the appeal." *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991); *see also Kim v. Mansoori*, 214 Ariz. 457, ¶ 5, 153 P.3d 1086, 1088 (App. 2007) (appellate court may examine its jurisdiction sua sponte).

¶7 Our jurisdiction is derived wholly from statute, *Garza v. Swift Transp. Co.*, 222 Ariz. 281, ¶ 12, 213 P.3d 1008, 1010 (2009), and "the types of judgments and orders from which appeals may be taken are set forth in A.R.S. § 12-2101," *Eaton v. Unified Sch. Dist. No. 1*, 122 Ariz. 391, 392, 595 P.2d 183, 184 (App. 1979). *See also* Ariz. Const. art. VI, § 9. "The general rule is that an appeal lies only from a final judgment." *Davis*, 168 Ariz. at 304, 812 P.2d at 1122; *see also* A.R.S. § 12-2101(A)(1). But there are exceptions to the general rule.

¶8 For example, in the prior appeal, we assumed without deciding that the trial court's April 27, 2011 order was a "special order made after final judgment" that was appealable upon being entered on May 4, 2011, pursuant to § 12-2101(A)(2). *See* Ariz. R. Fam. Law P. 78 and 81 (specifying requirements for entry of judgment or appealable order); *In re Marriage of Dorman*, 198 Ariz. 298, ¶ 3, 9 P.3d 329, 331 (App. 2000) (setting forth criteria for appealable special orders under § 12-2101); *see also Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, ¶¶ 7, 10, 189 P.3d 1114, 1117-18,

---

[3]Martinez initially filed a motion to dismiss this appeal for lack of jurisdiction on res judicata grounds. He claimed, "This matter has been previously litigated and dismissed for lack of jurisdiction," and the present appeal is an attempt to "side step" this court's prior memorandum decision. In an order dated September 10, 2012, this court denied Martinez's motion. However, we now conclude that we lack jurisdiction on other grounds.

1118-19 (App. 2008) (entry of judgment, for purposes of determining time to file notice of appeal, "occurs when the judgment is file-stamped by the clerk"). We noted however that Martinez's motion to amend pursuant to Rule 84 had been filed timely before Flores's notice of appeal. *See* Ariz. R. Civ. App. P. 9(b)(3) (filing of Rule 84 motion extends time for appeal). "[A] notice of appeal filed . . . while any party's time-extending motion is pending before the trial court . . . is ineffective and a nullity." *Craig v. Craig*, 227 Ariz. 105, ¶ 13, 253 P.3d 624, 626 (2011) (internal quotation omitted); *see also Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, ¶ 39, 132 P.3d 1187, 1195 (2006) ("Requiring timely notices of appeals following entry of final judgments also prevents two courts from assuming jurisdiction and acting at the same time."). Accordingly, we dismissed Flores's appeal for lack of jurisdiction.

¶9        In our memorandum decision, we suggested that Flores should have waited to file the notice of appeal until after the trial court had ruled on Martinez's motion to amend. Upon receipt of our decision, Flores attempted to correct the procedural misstep by requesting that the court sign an order denying Martinez's motion to amend, claiming that its earlier, unsigned order from July 2011 was not final. *See* Ariz. R. Fam. Law P. 81(A). Pursuant to Flores's request, the court signed an order on March 18, 2012, denying Martinez's motion to amend. But the court was without jurisdiction to enter that order. Although our memorandum decision was filed in the prior appeal on February 22, 2012, the mandate did not issue until July 31, 2012.

¶10        "[A] court always has jurisdiction to determine its own jurisdiction." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 (1998); *see also Todd v. Todd*, 137

5

Ariz. 404, 407, 670 P.2d 1228, 1231 (App. 1983); *Morgan v. Hays*, 102 Ariz. 150, 152, 426 P.2d 647, 649 (1967). Thus, the filing of a notice of appeal, even one ultimately determined to be a nullity, divests the trial court of jurisdiction to proceed other than to issue orders in furtherance of the appeal and to address matters unrelated to the appeal. *Sw. Gas Corp. v. Irwin*, 229 Ariz. 198, ¶ 8, 273 P.3d 650, 653-54 (App. 2012). And an appellate proceeding, including one in which an appeal is dismissed for lack of jurisdiction, does not terminate until the appellate court's mandate issues. *Borrow v. El Dorado Lodge, Inc.*, 75 Ariz. 218, 220, 254 P.2d 1027, 1028-29 (1953) ("[A]ppellate court's judgment or order becomes effective [as of] the date of issuance of the mandate."); *Owen v. Shores*, 24 Ariz. App. 250, 253, 537 P.2d 978, 981 (1975).

¶11 Simply put, the requirement for a mandate is the same whether an appeal is dismissed for lack of jurisdiction or decided on the merits. In both situations, a party can seek reconsideration, *see* Ariz. R. Civ. App. P. 22, petition for review, *see* Ariz. R. Civ. App. P. 23, or both. Moreover, a party's claim for attorney fees and costs on appeal also could be pending. *See* Ariz. R. Civ. App. P. 21. Thus, there is little utility in returning a case to the trial court until all matters related to the appeal are resolved. The requirement for issuance of the mandate avoids the risk that the trial and appellate courts could assume jurisdiction of the same case simultaneously. *See Smith*, 212 Ariz. 407, ¶ 39, 132 P.3d at 1195. Indeed, this case illustrates the potential conflict. After receiving our memorandum decision and asking the trial court to sign an order denying Martinez's motion to amend, Flores then filed a motion for reconsideration with this court.

6

¶12 Because this court retained jurisdiction until the mandate issued in accordance with Rule 24, Ariz. R. Civ. App. P., the trial court lacked jurisdiction to issue the March 18, 2012 order, and Flores could not appeal from it. *See Bates v. Bates*, 1 Ariz. App. 165, 170, 400 P.2d 593, 298 (1965) (to enter valid order, court must have jurisdiction); *Klebba v. Carpenter*, 213 Ariz. 91, 93, 139 P.3d 609, 611 (2006) (without signed written order, notice of appeal ineffective to confer appellate jurisdiction).

**Disposition**

¶13 For the reasons stated above, this appeal is dismissed for lack of jurisdiction. Both parties have requested an award of attorney fees and costs on appeal, pursuant to A.R.S. §§ 12-349 and 25-324. Because we do not find either party's actions on appeal to be unjustified or otherwise unreasonable, we deny both requests.

/s/ *Garye L. Vásquez*

GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Virginia C. Kelly*

VIRGINIA C. KELLY, Judge

/s/ *Philip G. Espinosa*

PHILIP G. ESPINOSA, Judge

7