IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

_____

IN RE THE MARRIAGE OF:

RICHARD S. DOUGALL,
*Petitioner/Appellant*,

AND

MYRNA R. DOUGALL,
*Respondent/Appellee.*

No. 2 CA-CV 2013-0056
Filed December 18, 2013

_____

Appeal from the Superior Court in Pima County
No. D20074351
The Honorable Dean Christoffel, Judge Pro Tempore

**DISMISSED IN PART; AFFIRMED IN PART;
VACATED IN PART**

_____

COUNSEL

David Lipartito, Tucson
*Counsel for Petitioner/Appellant*

_____

**OPINION**

Presiding Judge Vásquez authored the decision of the Court, in
which Chief Judge Howard and Judge Miller concurred.

_____

V Á S Q U E Z, Presiding Judge:

¶1 In this domestic-relations case, appellant Richard Dougall appeals from the trial court's post-dissolution-decree order for the payment of spousal maintenance arrearages to appellee Myrna Dougall and the denial of his subsequent motion for reconsideration challenging that order. The issue presented here is whether A.R.S. § 25-530 precludes a trial court from considering Veterans Administration (VA) disability benefits as income in determining the payment of arrearages on an award of spousal maintenance. We hold a court may consider such benefits in making that determination. For the reasons stated below, we dismiss in part, affirm in part, and vacate in part.[1]

## Factual and Procedural Background

¶2 We view the evidence in the light most favorable to sustaining the trial court's rulings. *See In re Marriage of Yuro*, 192 Ariz. 568, ¶ 3, 968 P.2d 1053, 1055 (App. 1998). The parties' marriage was dissolved in 2008. The dissolution decree ordered Richard to pay Myrna $750 per month in spousal maintenance. The court also awarded each of the parties one-half interest in two parcels of real property and ordered that Richard obtain appraisals of the properties and pay Myrna her share of the equity. On appeal, this court affirmed the spousal maintenance award and the division of community property and debts. *In re Marriage of Dougall*, No. 2 CA–CV 2009–0058 (memorandum decision filed Feb. 10, 2010).

¶3 In 2011, the trial court entered two judgments against Richard for his failure to fulfill his obligations under the decree of dissolution. The first judgment for $5,000 represented the value of Myrna's interest in one of the properties. The second judgment was for $4,745 in spousal maintenance arrearages. Effective August 2011, the court also reduced Richard's spousal maintenance obligation to $500 per month. This court affirmed the spousal maintenance

---

[1]Myrna has not filed an answering brief in this court. Although we may consider her failure to do so an admission of error, in our discretion, we decline to do so. *See In re Marriage of Diezsi*, 201 Ariz. 524, ¶ 2, 38 P.3d 1189, 1190 (App. 2002).

modification. *In re Marriage of Dougall*, No. 2 CA–CV 2011–0182 (memorandum decision filed May 17, 2012).

**¶4** In August 2012, Myrna filed petitions to enforce the two judgments, claiming Richard "ha[d] made no efforts to pay." In response, Richard filed a memorandum seeking credits against the judgments for debts he had paid on behalf of Myrna and for a loan and vehicle he had given to her. After a hearing, the trial court entered its minute entry order on December 11, 2012, finding Richard in contempt but concluding he could purge himself of the contempt by paying, in addition to the $500 per month in current spousal maintenance, $200 per month toward the judgment for arrearages until paid in full.[2] The court entered a separate income-withholding order of $200 per month directed at Richard's VA disability benefits and also denied his requests for offsets.

**¶5** On January 4, 2013, Richard filed a combined "motion for new trial/motion to reconsider/motion for stay." After a hearing, the court denied the motion by minute entry order entered February 8, 2013. However, at Richard's request, the court modified its arrearages order by reducing the $200 payment to $100 per month for three months, then increasing it to $220 per month for fifteen months, and reinstating the $200 amount thereafter. This appeal followed.

## Discussion

### I. Appellate Jurisdiction

**¶6** According to his notice of appeal, Richard is challenging the trial court's December 11, 2012 and February 8, 2013 orders. Although Richard contends we have jurisdiction pursuant to A.R.S. §§ 12-120.21 and 12-2101, we have an independent duty to review our jurisdiction and, if lacking, to dismiss the appeal. *See In re Marriage of Flores & Martinez*, 231 Ariz. 18, ¶ 6, 289 P.3d 946, 948

---

[2]Although the trial court's December 11, 2012 minute entry order referred to the $5,000 judgment and the court refused to give Richard any credits against it, the court did not enter any orders relating to that judgment.

(App. 2012). "We have no authority to entertain an appeal over which we do not have jurisdiction." *In re Marriage of Johnson & Gravino*, 231 Ariz. 228, ¶ 5, 293 P.3d 504, 506 (App. 2012).

**¶7** Generally, a notice of appeal must be filed no later than thirty days after entry of the judgment or order from which the appeal is taken. Ariz. R. Civ. App. P. 9(a); *Wilkinson v. Fabry*, 177 Ariz. 506, 506, 869 P.2d 182, 182 (App. 1992). "[T]he timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review." *In re Marriage of Gray*, 144 Ariz. 89, 90, 695 P.2d 1127, 1128 (1985). However, Rule 9(b), Ariz. R. Civ. App. P., provides an extension of time for filing a notice of appeal when certain motions are "timely filed" with the trial court. These time-extending motions include a motion for a new trial pursuant to Rule 83(A), Ariz. R. Fam. Law P., and a motion to alter or amend the judgment pursuant to Rule 84, Ariz. R. Fam. Law P. *See* Ariz. R. Civ. App. P. 9(b)(3), (4). Such motions must be filed not later than fifteen days after entry of the judgment. Ariz. R. Fam. Law P. 83(D)(1), 84. And when they are not timely filed, a trial court does not have jurisdiction to address them, *see Mark Lighting Fixture Co. v. Gen. Elec. Supply Co.*, 155 Ariz. 27, 32, 745 P.2d 85, 90 (1987), and they do not extend the time for an appeal, *see Edwards v. Young*, 107 Ariz. 283, 285, 486 P.2d 181, 183 (1971).

**¶8** Here, Richard filed his notice of appeal from both the December 11 and February 8 orders on March 4, 2013. Thus, his notice of appeal as to the December 11 order was filed well beyond the thirty-day requirement of Rule 9(a), Ariz. R. Civ. App. P.[3]

---

[3]The December 11 order also included a finding that Richard was in contempt of court. "[C]ontempt orders are unappealable unless the substance or effect of the order in question—beyond including a 'finding[] of contempt,'—qualifies the order as one of those made appealable pursuant to § 12-2101." *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, ¶ 21, 211 P.3d 16, 26 (App. 2009), *quoting State v. Mulligan*, 126 Ariz. 210, 216, 613 P.2d 1266, 1272 (1980). Therefore, even assuming the December 11 order was appealable because it went beyond a finding of contempt, we nevertheless lack

Richard's motion for a new trial constitutes a time-extending motion under Rule 9(b), Ariz. R. Civ. App. P., because he requested a new trial and "reconsideration, alteration, and/or amendment" pursuant to Rules 83 and 84, Ariz. R. Fam. Law P. However, the motion was not timely filed because it was filed more than fifteen days after entry of the December 11 order. *See* Ariz. R. Fam. Law P. 83(D)(1), 84. We thus do not have jurisdiction to consider Richard's appeal directly challenging the December 11 order.[4] *See Edwards*, 107 Ariz. at 285, 486 P.2d at 183.

**¶9** However, Richard also appeals from the trial court's February 8 order denying his "motion for a new trial/motion for reconsideration/motion for stay," pursuant to Rule 85(C), Ariz. R. Fam. Law P. The denial of a Rule 85(C) motion is appealable as a "special order made after final judgment." A.R.S. § 12-2101(A)(2); *see M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141, 791 P.2d 665, 667 (App. 1990) (discussing comparable Rule 60(c), Ariz. R. Civ. P.);[5] *In re Marriage of Dorman & Cabrera*, 198 Ariz. 298, ¶ 3, 9 P.3d 329, 331 (App. 2000). And, to the extent the motion was based on Rule 85(C), it was timely filed. *See* Ariz. R. Fam. Law P. 85(C)(2); *see also Duckstein v. Wolf*, 230 Ariz. 227, ¶ 9, 282 P.3d 428, 432 (App. 2012). We thus have jurisdiction to address the court's denial of Richard's Rule 85(C) motion.

---

jurisdiction over Richard's appeal from this order for the reasons stated above.

[4]We therefore do not address Richard's claims directly challenging the December 11 order, including his argument that the trial court erred by not offsetting the judgments with payments he made to or on behalf of Myrna. *See Goglia v. Bodnar*, 156 Ariz. 12, 16, 749 P.2d 921, 925 (App. 1987) (review restricted to questions raised in Rule 60(c), Ariz. R. Civ. P., motion).

[5]"Wherever the language in [the Arizona Rules of Family Law Procedure] is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules." Ariz. R. Fam. Law P. 1 cmt. *Compare* Ariz. R. Fam. Law P. 85(C), *with* Ariz. R. Civ. P. 60(c).

## II. Denial of Rule 85(C) Motion

### A. Trial Court Did Not Exceed Jurisdiction

¶10 When the trial court modified Richard's spousal maintenance obligation in 2011, it stated that pursuant to § 25-530 it did not consider Richard's VA disability benefits. But at the December 2012 hearing on Myrna's petition for enforcement of spousal maintenance, the court did consider those benefits when it ordered Richard to pay an additional $200 per month toward spousal maintenance arrearages. The court based its December 11, 2012 order on testimony that Richard's total income was $3,918 per month, including $1,245 in social security and $2,673 in VA disability benefits. In setting the $200 amount, the court noted that, after paying the $500 spousal maintenance obligation, Richard "continues to have $3,400 of income available to him."

¶11 Pursuant to Rule 85(C)(1)(d), Richard argues the trial court's December 11 "order is void, outside the [c]ourt's jurisdiction, and must be vacated."[6] He contends that, pursuant to 38 U.S.C. § 5301, the court had no authority to require him to pay spousal maintenance arrearages, directly or indirectly, from his VA disability benefits. Citing § 25-530 and *Downing v. Downing*, 228 Ariz. 298, 265 P.3d 1097 (App. 2011), he further maintains the court could not even consider those benefits when determining the amount of the monthly arrearages payment. We review the denial of a Rule 85(C) motion for relief from judgment for an abuse of discretion. *Fry v. Garcia*, 213 Ariz. 70, ¶ 7, 138 P.3d 1197, 1199 (App. 2006). An abuse of discretion occurs when a trial court commits an error of law in exercising its discretion. *Fuentes v. Fuentes*, 209 Ariz. 51, ¶ 23, 97 P.3d 876, 881 (App. 2004).

¶12 Although Rule 85(C)(1)(d) provides an avenue for challenging a void judgment, we disagree with the underlying

---

[6]On appeal, Richard does not expressly cite Rule 85(C) as a basis for his argument. However, he did so below, and we understand his argument on appeal to be substantially the same; we thus address it accordingly.

premise of Richard's argument—that a trial court exceeds its jurisdiction and thus renders a void judgment by considering VA disability benefits in violation of § 25-530. The word "void" often is misused, *Auman v. Auman*, 134 Ariz. 40, 42, 653 P.2d 688, 690 (1982), as is the word "jurisdiction," *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 101, 907 P.2d 67, 70 (1995). "A judgment or order is 'void' if the court entering it lacked jurisdiction: (1) over the subject matter, (2) over the person involved, or (3) to render the particular judgment or order entered." *Martin v. Martin*, 182 Ariz. 11, 15, 893 P.2d 11, 15 (App. 1994). "If a judgment or order is void, the trial court has no discretion but to vacate it." *Id.* at 14, 893 P.2d at 14. By contrast, a judgment or order is voidable "when the trial court has subject matter jurisdiction but errs in issuing an order." *State v. Bryant*, 219 Ariz. 514, ¶ 14, 200 P.3d 1011, 1015 (App. 2008). A voidable judgment or order has "all the ordinary attributes of a valid judgment [or order] until it is reversed or vacated." *State v. Cramer*, 192 Ariz. 150, ¶ 16, 962 P.2d 224, 227 (App. 1998).

**¶13** Here, the trial court had subject matter jurisdiction to decide issues involving spousal maintenance, including arrearages. *See* A.R.S. § 25-552(A). And even if, as Richard argues, the court violated § 25-530 by considering his VA disability benefits, such an error "fall[s] short of undermining jurisdiction so as to render that [order] void and subject to vacation" under Rule 85(C)(1)(d). *Cockerham v. Zikratch*, 127 Ariz. 230, 235, 619 P.2d 739, 744 (1980). In any event, for the reasons that follow, we find no such statutory violation here.[7]

B. Federal Law and Consideration of VA Disability Benefits

**¶14** In relevant part, 38 U.S.C. § 5301(a)(1), dealing with veteran benefits, provides:

---

[7]"Because we conclude that the issue presented here, involving the interpretation of [§ 25-530], is an issue of law and a matter of statewide importance, we exercise our discretion to address the merits of [Richard's] claim." *Searchtoppers.com, L.L.C. v. TrustCash LLC*, 231 Ariz. 236, ¶ 8, 293 P.3d 512, 514 (App. 2012).

> Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

¶15        In *Rose v. Rose*, 481 U.S. 619, 621-22 (1987), the Supreme Court addressed the scope of the federal statute in considering whether a Tennessee state court had jurisdiction to hold a veteran in contempt for nonpayment of child support when the veteran's only means of satisfying the obligation was chapter 38 service-connected disability benefits. The veteran argued that various federal laws, including 38 U.S.C. § 5301(a)(1),[8] evinced a Congressional intent to preempt state statutes that give state courts jurisdiction over veterans' disability benefits. *Rose*, 481 U.S. at 625, 630. According to the Court, 38 U.S.C. § 5301 has "two purposes: [1] to 'avoid the possibility of the Veterans' Administration . . . being placed in the position of a collection agency,'" and [2] "to 'prevent the deprivation and depletion of the means of subsistence of veterans dependent upon these benefits as the main source of their income.'" *Rose*, 481 U.S. at 630, *quoting* S. Rep. No. 94-1243, at 147-48 (1976). The Court determined that neither of these purposes was "constrained by allowing the state court . . . to hold [the veteran] in contempt for failing to pay child support." *Id.* Specifically, the Court noted that veteran disability benefits "are intended to 'provide reasonable and adequate compensation for disabled veterans *and their families*.'" *Id.*, *quoting* S. Rep. No. 98–604, at 24 (1984) (emphasis in *Rose*). The Court thus concluded that 38 U.S.C. § 5301(a)(1) "does not extend to

---

[8]Congress renumbered 38 U.S.C. § 3101 to 38 U.S.C. § 5301. Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub. L. No. 102-40, 105 Stat. 187.

protect a veteran's disability benefits from seizure where the veteran invokes that provision to avoid an otherwise valid order of child support."[9]  *Rose*, 481 U.S. at 634.

**¶16**        The Court also rejected the veteran's argument based on other federal laws and affirmed the contempt finding.  *Id.* at 636.  In doing so, the Court stated that, even though a veteran's disability benefits may be "exempt from garnishment or attachment while in the hands of the Administrator, we are not persuaded that once these funds are delivered to the veteran a state court cannot require that veteran to use them to satisfy an order of child support."  *Id.* at 635.

**¶17**        After *Rose*, state courts generally have concluded that, although 38 U.S.C. § 5301(a)(1) "would preclude an assignment or apportionment of [a] veteran['s] disability benefits, it does not preclude consideration of disability benefits by a trial court as a source of income upon which an award of alimony may be based."[10] *Repash v. Repash*, 528 A.2d 744, 745 (Vt. 1987); *see also Urbaniak v. Urbaniak*, 807 N.W.2d 621, ¶¶ 18, 20 (S.D. 2011); *Zickerfoose v. Zickerfoose*, 724 S.E.2d 312, 317-18 (W. Va. 2012).  This court has

---

[9]We are unpersuaded by Richard's argument that *Rose* is limited to child support and "does not extend to spousal maintenance."  As noted above, *Rose* discusses "family support obligations" generally; the Court did not expressly limit its analysis to child support.  481 U.S. at 632.  And other state courts have extended *Rose*'s reasoning to spousal maintenance.  *See In re Marriage of Anderson*, 522 N.W.2d 99, 102 (Iowa Ct. App. 1994) ("It is clear veteran's benefits are not solely for the benefit of the veteran, but for his family as well.").  Richard's reliance on *Mansell v. Mansell*, 490 U.S. 581 (1989), also is unavailing.  There the Court confirmed that federal law precludes division of VA disability benefits as community property, it said nothing about considering those benefits in the context of spousal maintenance.  *Id.* at 594-95.

[10]In 1997, Congress provided for garnishment of service-connected disability benefits for child support and alimony obligations if the veteran waived a portion of his or her military retired pay to obtain the benefits.  *See* 42 U.S.C. § 659(h)(1)(A)(ii)(V).

reached the same conclusion. *Cf. In re Marriage of Priessman*, 228 Ariz. 336, 340, 266 P.3d 362, 366 (App. 2011) (affirming trial court's consideration of such benefits in modifying spousal maintenance). However, in July 2010, the Arizona legislature enacted § 25-530, which provides: "In determining whether to award spousal maintenance or the amount of any award of spousal maintenance, the court shall not consider any federal disability benefits awarded to the other spouse for service-connected disabilities pursuant to 38 United States Code chapter 11."

## C. Applicability of § 25-530 to Arrearages

**¶18** We therefore turn to whether § 25-530 precludes a trial court from considering VA disability benefits in ordering the payment of arrearages on a spousal maintenance award. Because this issue requires us to interpret § 25-530, our review is de novo. *See Danielson v. Evans*, 201 Ariz. 401, ¶ 13, 36 P.3d 749, 754 (App. 2001). Our primary goal in interpreting statutes is to determine and give effect to the legislature's intent. *Simpson v. Simpson*, 224 Ariz. 224, ¶ 6, 229 P.3d 236, 237 (App. 2010). "The best indicator of legislative intent is the plain language of the statute," *id.*, and "we will give terms 'their ordinary meanings, unless the legislature has provided a specific definition or the context of the statute indicates a term carries a special meaning.'" *Kessen v. Stewart*, 195 Ariz. 488, ¶ 6, 990 P.2d 689, 692 (App. 1999), *quoting Wells Fargo Credit Corp. v. Tolliver*, 183 Ariz. 343, 345, 903 P.2d 1101, 1103 (App. 1995). When the language of a statute is clear and unambiguous, we apply its plain meaning without resorting to other methods of statutory interpretation. *Merrill v. Merrill*, 230 Ariz. 369, ¶ 27, 284 P.3d 880, 887 (App. 2012).

**¶19** According to the plain language of the statute, § 25-530 applies when a court is determining "whether to award spousal maintenance" or "the amount of any award of spousal maintenance." In *Downing*, this court held the statute also applies to a modification of spousal maintenance. 228 Ariz. 298, ¶¶ 6, 12, 265 P.3d at 1099, 1100. But here, the trial court was not making a determination "whether to award spousal maintenance" or "the amount of any award." Indeed those determinations already had been made and, as noted above, were affirmed by this court on

appeal.[11]  Nor was the trial court modifying the amount of spousal maintenance.  Rather, the current proceedings arose from Richard's failure to pay arrearages on spousal maintenance previously awarded.  *See* A.R.S. § 25-500(1) (defining "[a]rrearage" as "the total unpaid support owed").  Thus, we conclude that § 25-530 does not preclude a trial court from considering VA disability benefits in determining the payment of arrearages on an award of spousal maintenance.  The trial court therefore did not err by considering Richard's VA disability benefits in determining his ability to pay the arrearages.

**¶20**       Richard nonetheless argues that the "prohibition [under § 25-530] logically extends to an arrears payment order."  He reasons that § 25-530 coupled with A.R.S. § 25-318.01 "evince a public policy to protect the benefits of disabled veterans from having these benefits taken to satisfy property division or spousal maintenance orders."[12]  But, "absent a clear indication of legislative intent to the contrary, we are reluctant to construe the words of a statute to mean something other than what they plainly state."  *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994); *see also City of Tempe v. Fleming*, 168 Ariz. 454, 457, 815 P.2d 1, 4 (App. 1991) ("[W]e will not read into a statute something which is not within the manifest intent of the legislature as indicated by the statute itself.").  And, we decline to do so here.  Section 25-318.01 applies to the division of property and thus does not apply in this case.

---

[11]Section 25-530 became effective in July 2010, before the initial spousal maintenance award in this case.  However, because we conclude the statute does not apply to a trial court's determination of arrearages, the effective date is not determinative of the issue presented here.

[12]Section 25-318.01 provides, in part:  "In making a disposition of property pursuant to section 25-318 or 25-327, a court shall not . . . [c]onsider any federal disability benefits awarded to a veteran for service-connected disabilities pursuant to 38 United States Code chapter 11."  The legislature enacted § 25-318.01 at the same time as § 25-530.  2010 Ariz. Sess. Laws, ch. 70, §§ 2-3.

¶21 Lastly, we address Richard's contention that the trial court erred by entering an income-withholding order against his VA disability benefits. The court's order directed the VA to withhold $200 per month from Richard's disability benefits, but further stated, "[i]n the event that the Veteran's Administration does not honor the income withholding order[,] it shall be [Richard]'s responsibility to pay." At the February 5 hearing, the court noted "the VA will not withhold any of [Richard]'s funds for spousal maintenance arrears" and then ordered Richard to make the payments directly. Although the court indicated it was not enforcing it, we vacate the income-withholding order directed at Richard's VA disability benefits. *See also* 38 U.S.C. § 5301(a)(1); *Danielson*, 201 Ariz. 401, ¶ 33, 36 P.3d at 758. Notably, the court ordered Richard "to make . . . the payments," without specifying the source of the funds. After the $500 spousal maintenance garnishment, Richard receives $740 in social security, in addition to the $2,673 in VA disability benefits. He could use any portion of those funds to pay $200 per month toward the judgment for arrearages. *See Danielson*, 201 Ariz. 401, ¶ 19, 36 P.3d at 755; *Merrill*, 230 Ariz. 369, ¶ 29, 284 P.3d at 887.

## Conclusion

¶22 For the reasons stated above, we dismiss Richard's appeal directly challenging the trial court's December 11, 2012 order, vacate the income-withholding order directed at Richard's VA disability benefits, but otherwise affirm the trial court's orders.