NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

STATE OF ARIZONA, ex rel., DEPARTMENT OF ECONOMIC
SECURITY, et al., *Petitioners/Appellees*,

*v.*

CHARLES B. MILLER, *Respondent/Appellant*.

No. 1 CA-CV 19-0587
FILED 6-25-2020

Appeal from the Superior Court in Maricopa County
No. DR1989-009779
The Honorable Michael C. Blair, Judge

**AFFIRMED**

COUNSEL

Charles B. Miller, Clover, SC
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in
which Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

**T H U M M A**, Judge:

¶1          Charles Miller appeals from the denial of his motion to vacate a judgment to pay child support arrearages. Because Miller has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2          Miller and his former spouse were divorced in 1989 in a decree that required him to pay child support. In 1995, after Miller fell behind in payments, the court issued a judgment requiring him to pay $22,622.50 in arrearages, $6,027.15 in accrued interest and future interest until paid in full. The court also modified Miller's monthly obligation to reflect this 1995 judgment.

¶3          In 2019, Miller moved to vacate the 1995 judgment, which the court summarily denied. This court has jurisdiction over Miller's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) and -2101(A)(2) (2020).[1] *See In re Marriage of Dougall*, 234 Ariz. 2, 5 ¶ 9 (App. 2013) (noting denial of Rule 85 motion for relief from judgment "is appealable as a 'special order made after final judgment'") (quoting A.R.S. § 12–2101(A)(2)).

## DISCUSSION

¶4          Miller's former spouse did not file an answering brief and the Arizona Department of Economic Security chose not to participate in the appeal. Although the failure to file an answering brief could be considered a confession of error by Miller's former spouse, in the exercise of its discretion, this court will address the merits of the issues raised on appeal. *See Gibbons v. Indus. Comm'n*, 197 Ariz. 108, 111 ¶ 8 (App. 1999).

¶5          Miller argues the court erred in denying his motion to vacate judgment under Arizona Rules of Family Law Procedure (Rules) 85(a), (b)(1) and (b)(6).[2] This court reviews denial of a Rule 85 motion for relief

---

[1] Absent other material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] Miller also cites identical provisions in Arizona Rules of Civil Procedure 60(a) and (b), which are interpreted the same. *See* Ariz. R. Fam. Law P. 1(c).

from judgment for an abuse of discretion. *See Quijada v. Quijada*, 246 Ariz. 217, 220 ¶ 7 (App. 2019).

¶6      In the superior court, Miller asserted arguments (including a failure to consider automatic withdrawals), that he does not press on appeal. Those arguments are waived. *See Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 142-43 (App. 1987). For the first time on appeal, he argues "an error may have occurred" because the arrears and interest may have been calculated incorrectly. But by failing to explain how exactly this error arose and by failing to raise that issue with the superior court, it is also waived. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient."); *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007). The arguments that Miller appears to have raised both with the superior court and on appeal are the superior court's failure to consider A.R.S. §§ 25-320, -327, -527 or the relevant Child Support Guidelines.

¶7      A court may "correct a clerical mistake or a mistake arising from oversight or omission if one is found in a judgment." Rule 85(a). A clerical mistake "occurs when the written judgment fails to accurately set forth the court's decision," while "[a] judgmental error occurs when the court's decision is accurately set forth but is legally incorrect." *Vincent v. Shanovich*, 243 Ariz. 269, 271 ¶ 8 (2017) (citations omitted). Miller's argument, asserting the court failed to consider certain factors when applying the law, is properly considered a judgmental error governed by Rule 85(b).

¶8      Under Rule 85(b), a party may seek relief from a judgment on six different grounds. Relief under the first three grounds must be requested "no more than six months after the entry" of the judgment. Rule 85(c)(1). Given the passage of time, those grounds were not available to Miller. The remaining three grounds require a party to seek relief "within a reasonable time." Rule 85(c)(1). Miller, however, waited nearly 24 years to seek relief. Moreover, he failed to provide any explanation for why such a delay could be deemed "a reasonable time." On this record, Miller has shown no error in the superior court's applying Rule 85.

¶9      Miller contends the order denying his motion to vacate judgment was an abuse of discretion or arbitrary and capricious because it did not provide any reasoning. "When the order provides no legal basis, we review the decision to see if it is supported by any reasonable legal basis." *Johnson v. Elson*, 192 Ariz. 486, 489 ¶ 10 (App. 1998). The legal basis for the denial of his motion was that Miller filed it 24 years after the entry

of the 1995 judgment without any explanation for that delay. Because Miller's motion was not filed within a reasonable time, he has not shown the superior court abused its discretion, or acted in an arbitrary and capricious manner, in denying his motion.

**CONCLUSION**

¶10     The superior court's order is affirmed.

