NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

BETSY JO POTTER, *Petitioner/Appellee*,

*v.*

PHILLIP TERRY POTTER, *Respondent/Appellant*.

No. 1 CA-CV 24-0408 FC

FILED 04-29-2025

Appeal from the Superior Court in Maricopa County
No. FC2015-050659
The Honorable Andrew J. Russell, Judge

**AFFIRMED**

COUNSEL

Burggraff Tash Levy PLC, Scottsdale
By Michael J. Dinn, Jr., Randi Burggraff
*Counsel for Petitioner/Appellee*

Phillip Terry Potter, Scottsdale
*Respondent/Appellant*

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge D. Steven Williams and Judge Samuel A. Thumma joined.

**F U R U Y A**, Judge:

**¶1** Phillip Terry Potter ("Father") appeals the superior court's 2020 child support and other orders, arguing they are void because the court lacked subject matter jurisdiction. Because the court's 2020 orders are not void, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Betsy Jo Potter ("Mother") and Father married in 2005 and divorced in 2017. Together they have one child, who has since emancipated. Both parties participated in extensive litigation throughout these divorce proceedings.

**¶3** In 2017, Father filed a Petition to Modify Child Support ("Petition"). In 2018, the superior court reduced Father's monthly child support to $356 based on imputed income and awarded $4,568 in attorney's fees. Father appealed, arguing the court erred in calculating income and failed to credit him for health insurance payments.

**¶4** In September 2019, we issued a memorandum decision vacating the child support modification order and order awarding attorney's fees, remanding for the court to reconsider both parties' income and Father's evidence of health insurance costs. *Potter v. Potter*, 1 CA-CV 18-0357 FC, 2019 WL 4643821 (App. Sept. 24, 2019) (mem. decision) ("*Potter I*"). We issued our mandate in *Potter I* on January 15, 2020.

**¶5** Meanwhile, in late October 2019—after our memorandum decision issued but before we issued the mandate—Father requested a hearing to resolve the issues we noted in *Potter I* to be addressed on remand. Even though the mandate had not issued, the superior court held that requested evidentiary hearing on January 3, 2020. Both parties testified and submitted exhibits and, at the end of the hearing, the court ordered the parties to submit written closing arguments.

¶6        After the issuance of the mandate in *Potter I* and after the parties submitted written closing arguments on the remand, the superior court issued a March 3, 2020 minute entry resolving several pending matters, including the issues raised to comply with the *Potter I* remand. However, the minute entry did not resolve all issues and was not a final judgment. The court issued additional orders resolving other disputes. And after further litigation over child support overpayment and attorneys' fees, the court issued a final judgment on May 28, 2020. Father filed an untimely notice of appeal from that final judgment, and we dismissed his appeal for lack of jurisdiction.

¶7        More than three years passed. In 2024, Father filed two motions for relief from the May 2020 judgment under Arizona Rule of Family Law Procedure ("Rule") 85, arguing the court's orders issued March 3, 2020, April 17, 2020, April 24, 2020, May 5, 2020, and the May 28, 2020 final judgment (collectively the "Challenged Orders") should be vacated because the court lacked subject matter jurisdiction until the *Potter I* mandate. The court denied Father's motions. We have jurisdiction over Father's timely appeal from those rulings under Arizona Revised Statute ("A.R.S.") § 12-2101(A)(2).

## DISCUSSION

¶8        We review denial of Rule 85 motions for an abuse of discretion. *Quijada v. Quijada*, 246 Ariz. 217, 220 ¶ 7 (App. 2019). We will not disturb a court's discretionary act unless that act was "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Silence v. Betts*, 125 Ariz. Cases Dig. 60 ¶ 7 (App. June 27, 2024) (quoting *Tilley v. Delci*, 220 Ariz. 233, 238 ¶ 16 (App. 2009)).

¶9        As he did in his Rule 85 motions, Father argues that the superior court lacked subject matter jurisdiction during the January 3, 2020 hearing. He observes, correctly, that at that time the mandate in *Potter I* had not yet issued. But he further reasons that, because the court held the January 3, 2020 hearing before the mandate issued, it lacked jurisdiction to hold the hearing and this claimed error tainted the subsequent entry of all rulings, orders, and judgments based on, or related to, what occurred at that hearing, rendering them likewise void for lack of subject matter jurisdiction. Not so.

**¶10** "'Subject matter jurisdiction is the power of a court to hear and determine a controversy.'" *Medina v. Est. of Cody*, 256 Ariz. 335, 337 ¶ 7 (App. 2023) (quoting *Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 594 ¶ 13 (App. 2009)). "We review de novo whether a superior court has subject matter jurisdiction over a civil action." *Id.*

**¶11** "A judgment or order is 'void' if the court entering it lacked jurisdiction: (1) over the subject matter, (2) over the person involved, or (3) to render the particular judgment or order entered." *In re Marriage of Dougall*, 234 Ariz. 2, 6 ¶ 12 (App. 2013) (quoting *Martin v. Martin*, 182 Ariz. 11, 15 (App. 1994)). "By contrast, a judgment or order is voidable 'when the trial court has subject matter jurisdiction but errs in issuing an order.'" *Id.* (quoting *State v. Bryant,* 219 Ariz. 514, 518 ¶ 14 (App. 2008)).

**¶12** Although our decision in *Potter I* was issued on Sept. 24, 2019, the mandate did not issue until January 15, 2020. Thus, the superior court did not have jurisdiction when it held the evidentiary hearing on January 3, 2020. *See Nicaise v. Bernick*, 256 Ariz. 568, 570 ¶ 9 (App. 2024) ("[A]n appeal generally divests the trial court of jurisdiction to proceed except in furtherance of the appeal."); *In re Marriage of Johnson & Gravino*, 231 Ariz. 228, 232 ¶ 13 (App. 2012) (observing that once an appeal has commenced, jurisdiction does not revest in the trial court until our mandate issues). But we disagree that any error in holding the hearing 12 days before the mandate issued rendered the Challenged Orders void.

**¶13** Here, because Father appeals the Challenged Orders, we examine whether the court had jurisdiction when it issued them to determine whether they are void. We issued our mandate in *Potter I* on January 15, 2020, which revested jurisdiction in the superior court as of that date. Ariz. R. Civ. App. P. ("ARCAP") 24(a). The superior court did not decide the issues remanded by *Potter I* until its March 3, 2020 minute entry and did not enter final judgment on them until May 28, 2020. Both of these dates were well beyond the point where the court reacquired jurisdiction and the court had jurisdiction over the parties and the case when it entered them. *Id.*; *see also Medina*, 256 Ariz. at 337 ¶ 7 (delineating that court has subject matter jurisdiction where it has power to hear and determine the controversy).

**¶14** To the extent Father argues the Challenged Orders were voidable, he failed to timely challenge them. And as noted, Father failed to timely appeal from the March 3, 2020 minute entry or the May 28, 2020 final judgment and may not do so now. *See Dougall*, 234 Ariz. at 5 ¶ 7.

## CONCLUSION

¶15  Because Father has shown no abuse of discretion, we affirm the court's denial of Father's Rule 85 motions.

¶16  Mother requests reasonable attorneys' fees and costs arguing Father's positions have been objectively unreasonable throughout the litigation. We agree. Father's arguments to this court are objectively unreasonable and we grant Mother her reasonable attorneys' fees and costs in accordance with A.R.S. § 25-324(A) upon her compliance with ARCAP Rule 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:  JR

5