NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ELIDE MORGAN, *Petitioner/Appellant*,

*v.*

RAYMOND MORGAN, *Respondent/Appellee*.

No. 1 CA-CV 25-0191 FC

FILED 12-24-2025

Appeal from the Superior Court in Maricopa County
No. FC2016-092898
The Honorable Quintin H. Cushner, Judge

**AFFIRMED**

COUNSEL

Cervone Law P.C., Phoenix
By Kristina L. Cervone
*Counsel for Petitioner/Appellant*

Riley Law Firm, PLC, Phoenix
By Daniel S. Riley
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

---

**B A I L E Y**, Judge:

¶1        Elide Morgan ("Mother") appeals the superior court's denial of her motion for relief from judgment and her motion for attorneys' fees. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2005, Raymond Morgan ("Father") and Mother married in Arizona. The parties have one minor child. In August 2016, Mother petitioned for dissolution, and the court entered the parties' consent decree and parenting plan in April 2017.

¶3        Mother and Father each moved outside Arizona several times over the next few years, although Mother continued to maintain her Arizona home purchased in 2011. Father alleges that the parties exercised a "three-week-on-three-week-off schedule in which the child would stay with Mother in Arizona for three weeks and then [with] Father in California for three weeks" between January and August 2023, at which time Father petitioned for the child to relocate to California. Soon after, the superior court appointed an advisor ("CAA") to report on factors affecting the child's best interests. Ariz. R. Fam. Law P. 10.1; A.R.S. § 25-406.

¶4        In March 2024, the superior court approved a stipulated order modifying the parenting plan. As part of the order, the parties agreed the Arizona superior court had "exclusive continuing jurisdiction to modify [the previous parenting] plan." They also stipulated that at the time Father was residing in California, and Mother was residing in New Jersey. The parties agreed the child would relocate to Oregon with Father, and Father would be the primary residential parent.

¶5        In November 2024, Mother filed an expedited motion for relief from judgment under Arizona Rule of Family Law Procedure ("Rule") 85 and a motion for attorneys' fees. The court denied Mother's motions in an unsigned minute entry and later issued a signed order.

¶6        Mother timely appealed.  We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

## DISCUSSION

¶7        Mother argues the superior court erred in denying her motion for relief from judgment and motion for attorneys' fees.

¶8        We review the denial of a Rule 85 motion for an abuse of discretion.  *Quijada v. Quijada*, 246 Ariz. 217, 220, ¶ 7 (App. 2019).  A court abuses its discretion when it acts arbitrarily or inequitably, makes a decision unsupported by the facts, or misapplies the law.  *See City of Phoenix v. Geyler*, 144 Ariz. 323, 328-29 (1985).  Under Rule 85(b), a superior court may relieve a party from final judgment for several reasons, including that the judgment is void.  *See* Ariz. R. Fam. Law P. 85(b)(4).

I.      The superior court's judgment is not void.

¶9        Mother argues the superior court's judgment was void under Rule 85(b)(4) because the court lacked subject matter jurisdiction.  She contends the family court abused its discretion by modifying the parenting plan in violation of the Uniform Child Custody and Jurisdiction and Enforcement Act ("UCCJEA").

¶10       We review de novo whether a judgment is void.  *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012).  If a judgment is void, the superior court "has no discretion but to vacate it."  *In re Marriage of Dougall*, 234 Ariz. 2, 6, ¶ 12 (App. 2013) (citation omitted).  "A judgment or order is 'void' if the court entering it lacked [subject matter] jurisdiction."  *Id.* (citation omitted).  "Subject matter jurisdiction is the power of a court to hear and determine a controversy," *Medina v. Est. of Cody*, 256 Ariz. 335, 337, ¶ 7 (App. 2023) (citation omitted), and it cannot be waived, *Glover v. Glover*, 231 Ariz. 1, 3, ¶ 8 (App. 2012).

       A.     The superior court did confirm its authority to modify the parenting plan.

¶11       Mother first asserts the superior court failed to "confirm its authority to enter the [stipulated order modifying the parenting plan]." Section 25-402(A) provides that before a superior court "conducts a proceeding concerning legal decision-making or parenting time," it must first "confirm its authority to do so."  A.R.S. § 25-402(A).

¶12            Here, the superior court found it had jurisdiction to enter the original divorce decree and to "resolve issues regarding legal decision-making and parenting time" pursuant to A.R.S. § 25-1031.  And in adopting the parties' 2024 stipulated parenting plan, the court concluded that because "Arizona is the state that entered the previous parenting plan . . . Arizona has exclusive continuing jurisdiction to modify that plan."  The court was not required to conduct any further jurisdictional analysis.  *See Melgar v. Campo*, 215 Ariz. 605, 607, ¶ 10 (App. 2007) (stating that the UCCJEA's goal is to "allow[] the court that makes the original custody determination to retain exclusive, continuing jurisdiction over that order") (citations omitted).  The court appropriately determined it retained exclusive, continuing jurisdiction.  We discern no error.

            B.      The superior court did not automatically lose subject matter jurisdiction.

¶13            Mother next argues the superior court did not have exclusive, continuing jurisdiction under A.R.S. § 25-1032 because it adopted the parties' stipulation that they were residing outside of Arizona at the time of the modification.

¶14            A court of this state that has made a child custody determination consistent with § 25-1031 has exclusive, continuing jurisdiction over a child custody determination until either:

> (1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships.

> (2) A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state.

A.R.S. § 25-1032(A).

¶15            Here, the court adopted the parties' stipulation that Father and Mother were residing in California and New Jersey, respectively, at the time of the stipulation.  However, this alone did not divest the court of jurisdiction under A.R.S. § 25-1032(A)(2) because the statute requires the court to also determine "that the child" does not presently reside in Arizona.  The court made no such finding, and indeed, according to the

record, the CAA reported the child flew "back and forth to Arizona to see Mother," and Mother "insinuat[ed]" that she lived in Arizona and New Jersey.

**¶16** As further support, Father cites a recent memorandum decision, *Tillman v. Smith*, 1 CA-CV 24-0360 FC, 2025 WL 2252983 (Ariz. App. Aug. 7, 2025) (mem. decision), to argue Arizona "does not automatically lose jurisdiction when all parties move to another state." Mother contends *Tillman* is factually distinct and therefore not persuasive.

**¶17** In *Tillman*, we considered whether the superior court had exclusive, continuing jurisdiction over the mother's petition to modify the parties' parenting orders. *Id.* at *2-3, ¶¶ 17-22. Although *Tillman* is factually distinct from this case, its legal analysis is still informative. In *Tillman*, a panel of this court concluded that under A.R.S. § 25-402, a "court does not **automatically** lose jurisdiction when all the parties move to another state." *Id.* at *3, ¶ 21 (emphasis added). Indeed, we held that under the statute's express language, a court "retains jurisdiction until it—or a court in another state—makes determinations sufficient to fulfill at least one of the conditions specified in A.R.S. § 25-1032(A)." *Id.* We held "affirmative court action is necessary to divest a court of jurisdiction under the UCCJEA." *Id.*

**¶18** Here, Mother took no action before filing her Rule 85 motion to divest Arizona of jurisdiction under A.R.S. § 25-1032(A). *See, e.g., Melgar*, 215 Ariz. at 607, ¶ 11 ("The rule of exclusive, continuing jurisdiction remains the jurisdictional lodestar until [] the court that originated the order . . . deci[des] to discontinue exclusive, continuing jurisdiction."). Indeed, "a party who wishes to modify the original decree must either return to the court with exclusive, continuing jurisdiction to modify the order or get that court to relinquish jurisdiction," *id.*, which Mother did not do at the time the court entered the stipulated modification order.

II.     The superior court did not err when it denied Mother's motion for attorneys' fees.

**¶19** Mother argues the superior court erred by denying her motion for attorneys' fees.

**¶20** We review the denial of attorneys' fees for an abuse of discretion. *Tanner v. Marwil ex rel. Maricopa Cnty.*, 250 Ariz. 43, 47, ¶ 16 (App. 2020). We review the record "in the light most favorable to upholding the court's ruling" and only find an abuse of discretion when the record "is devoid of any evidence to support its ruling." *Id.*

5

¶21        Mother contends she was entitled to an award of attorneys' fees under A.R.S. § 25-324(B)(2) because Father's petition for relocation "was not grounded in fact or law," and his continuing assertion that Arizona had exclusive, continuing jurisdiction while also conceding he and Mother lived outside Arizona was "unreasonable." We disagree. As discussed above, an Arizona court may retain exclusive, continuing jurisdiction under A.R.S. § 25-1032(A), even if the parents do not reside in Arizona. Further, to the extent Mother is asking us to reweigh the evidence to determine whether the parties and the child lived outside Arizona, we will not do so. *See Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 31 (App. 2019).

¶22        The superior court did not abuse its discretion in denying Mother's request for attorneys' fees.

### ATTORNEYS' FEES AND COSTS ON APPEAL

¶23        Both parties request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324. Each party appears to have considerable financial resources, and after considering the reasonableness of their positions on appeal, we award Father taxable costs and attorneys' fees in an amount to be determined, contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21. We decline to award sanctions against either party.

### CONCLUSION

¶24        We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:     JR